# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00864-SCT

*LEON STUART, INDIVIDUALLY, AND AS*
*WRONGFUL DEATH BENEFICIARY AND*
*ON BEHALF OF ALL OTHER WRONGFUL*
*DEATH BENEFICIARIES OF SHIRLEY*
*STUART, DECEASED*

*v.*

*THE UNIVERSITY OF MISSISSIPPI MEDICAL*
*CENTER*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2006 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM B. RAIFORD, III |
| | JOHN H. COCKE |
| ATTORNEYS FOR APPELLEE: | SENITH C. TIPTON |
| | JOHN MICHAEL COLEMAN |
| | MELANIE H. MORANO |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 08/20/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This is a wrongful-death action filed by Leon Stuart (Stuart) against the University

of Mississippi Medical Center (UMMC). Because Stuart failed to comply with the ninety-

day-notice requirement in Mississippi Code Section 11-46-11(1), the Mississippi Tort Claims

Act (MTCA), the trial court granted summary judgment. Stuart appealed to the Court of

Appeals, which affirmed the trial court's judgment. Thereafter, Stuart filed a petition for writ of certiorari, which this Court granted.

**FACTS**

¶2.    On December 10, 2002, Shirley Stuart was admitted to the emergency room of UMMC complaining of shortness of breath. On December 11, 2002, Shirley Stuart died of pulmonary embolism. On December 4, 2003, UMMC was served with a notice of claim on behalf of Leon Stuart and the wrongful-death beneficiaries of Shirley Stuart. On January 14, 2004, Stuart, individually and on behalf of Shirley Stuart's wrongful-death beneficiaries, filed a complaint in Hinds County Circuit Court. In early February 2004, UMMC filed its answer and defenses. The parties then engaged in discovery. Stuart represented on appeal that UMMC had served a notice of interrogatories and requests for production, and had participated in written discovery, depositions, and expert disclosures. Stuart also stated that a scheduling order had been entered and a trial setting chosen. UMMC contested this, but admitted to "limited participation in discovery" and participation in "discovery related issues." UMMC claimed that it did not disclose any experts or take any depositions, and that the scheduling order and trial setting were entered after UMMC had moved for summary judgment.

¶3.    UMMC moved for summary judgment on June 14, 2006 – two-and-a-half years after Stuart's complaint was filed. It argued that Stuart's claims should be dismissed for failure to comply with Mississippi Code Section 11-46-11 because Stuart did not wait ninety days after serving the notice of claim before filing the complaint. On September 8, 2006, Stuart filed a response to the motion for summary judgment, which UMMC moved to strike on

2

September 13, 2006. UMMC also filed a rebuttal to Stuart's response on the same day. On September 15, 2006, the trial court held a hearing on the motion for summary judgment, which it granted on September 26, 2006. On October 4, 2006, Stuart timely appealed this decision.

¶4. Stuart raised two issues on appeal, which the Court of Appeals considered: whether the trial court erred in granting summary judgment and whether the trial court erred in dismissing Stuart's claims with prejudice. By its decision on rehearing, the Court of Appeals affirmed the trial court's decision to grant summary judgment. ***Stuart v. Univ. of Miss. Med. Ctr.***, No. 2007-CA-00864-COA, 2008 WL 5227215, at *5 (Miss. Ct. App. Dec. 16, 2008). On December 29, 2008, Stuart timely filed a petition for writ of certiorari, which this Court granted on March 12, 2009.

## ANALYSIS

¶5. This Court reviews a trial court's grant of summary judgment de novo. *See, e.g.*, ***U.S. Fid. & Guar. Co. v. Martin***, 998 So. 2d 956, 962 (Miss. 2008) (citing ***Germany v. Denbury Onshore, LLC***, 984 So. 2d 270, 275 (Miss. 2008)). When deciding whether to grant or deny summary judgment, a court must review the record before it and take all the evidence in the light most favorable to the nonmoving party. ***Martin***, 984 So. 2d at 962 (citing ***Denbury Onshore, LLC***, 984 So. 2d at 275). The trial court's decision to grant summary judgment will be affirmed if the record before the Court shows that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Miss. R. Civ. P. 56(c); ***Martin***, 984 So. 2d at 962 (citing ***Denbury Onshore, LLC***, 984 So. 2d at 275).

3

¶6.    Stuart argued on appeal that summary judgment was improperly granted because UMMC waived its right to raise as a defense Stuart's failure to comply with Section 11-46-11(1)[1]. Stuart presented two theories of waiver – that UMMC had waived its defense by failing to specifically plead and pursue the defense for two-and-a-half years and by failing to request a stay for the remainder of the ninety-day period. Stuart also asserted that his claims should not have been dismissed with prejudice. UMMC argued that it did not waive its right to object to Stuart's failure to comply with Section 11-46-11(1). It claimed that it preserved the defense in its answer and that the trial court properly dismissed Stuart's claims with prejudice. It also maintained that it was not required to request a stay because of the retroactive effect of *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815 (Miss. 2006).

¶7.    In its answer, UMMC generally referenced Section 11-46-11, stating "UMMC reserves all rights and defenses accorded to it pursuant to *Miss. Code Ann.* § 11-46-11 *et seq.*, including but not limited to bar of limitations, trial by judge without jury, limitation of

---

[1] Mississippi Code Section 11-46-11(1), which is part of the Mississippi Tort Claims Act (MTCA), states, in relevant part:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1) (Rev. 2002).

4

liability and exclusion of punitive damages."[2]   Assuming arguendo that UMMC had preserved the ninety-day-notice requirement defense in its answer, this Court has held that the failure to pursue a defense in a timely manner, while actively participating in the lawsuit, constitutes waiver of that defense.  *Grimes v. Warrington*, 982 So. 2d 365, 369-70 (Miss. 2008); *East Miss. State Hosp. v. Adams*, 947 So. 2d 887, 890-91 (Miss. 2007); *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006).  In *Grimes*, the defendant filed a timely answer in which he asserted the defense of tort immunity under the MTCA.  *Grimes*, 982 So. 2d at 370.  Thereafter, the defendant "did nothing to argue or even assert immunity until . . . he moved for summary judgment solely on this defense" more than five years after filing his answer.  *Id.*  This Court noted that, instead of filing a motion to dismiss based on the immunity defense, the defendant "proceeded substantially to engage the litigation process by consenting to a scheduling order, participating in written discovery, and conducting depositions."  *Id.*  Thus, this Court found that the defendant had waived his MTCA defense. *Id.*   In *Adams*, the defendants raised the defenses of insufficiency of process and insufficiency of service of process in their answers.  *Adams*, 947 So. 2d at 889.  However, the defendants did not pursue these defenses for almost two years, while they remained actively involved in the litigation.  *Id.* at 890-91.  Therefore, this Court found that the defendants had waived the defenses of insufficiency of process and insufficiency of service

---

[2] There is no allowance under the law for defendants to reserve defenses to be asserted at a later time.  Mississippi Rule of Civil Procedure 12 requires that defendants assert the defenses available to them in the responsive pleading.  Miss. R. Civ. P. 12(b). Otherwise, the defenses may be deemed waived pursuant to Mississippi Rule of Civil Procedure 12(h).  Miss. R. Civ. P. 12(h).

of process. *Id.* at 891. This Court stated that "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *Id.* at 891 (quoting *Horton*, 926 So. 2d at 180). In *Horton*, the defendants asserted their right to compel arbitration in their answers. *Horton*, 926 So. 2d at 180. The defendants then did nothing to pursue arbitration for eight months. *Id.* at 180-81. The defendants provided no plausible explanation for the delay. *Id.* at 180. As in *Grimes* and *Adams*, this Court found that the defendants in *Horton* had waived their right to compel arbitration because of the "substantial and unreasonable delay in pursuing the right, coupled with active participation in the litigation process." *Id.* at 180-81.

¶8. The record in this case reflects that UMMC did not seek to enforce the ninety-day-notice requirement under a strict-compliance or substantial-compliance standard until two-and-a-half years after the complaint was filed. At the time, this Court required that plaintiffs substantially comply with the ninety-day-notice requirement in Section 11-46-11(1) and designated a stay for the remainder of the ninety-day period as the sole remedy for failure to substantially comply. *See, e.g.*, *City of Pascagoula v. Tomlinson*, 741 So. 2d 224, 226-28 (Miss. 1999), *overruled by* *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006). Although we understand that UMMC had no way of anticipating this Court's decision in *Easterling* and the new strict-compliance standard, nothing prevented UMMC from arguing that Stuart had failed to substantially comply with the ninety-day-notice requirement and seeking a stay for forty-nine days.

¶9.    UMMC certainly could have argued that filing suit forty-one days after serving the notice of claim was not in substantial compliance with Section 11-46-11(1) and then sought a stay. Instead, UMMC responded to the complaint by promptly filing an answer and did not raise the issue of the ninety-day-notice requirement until moving for summary judgment. At no point throughout the trial and appellate processes has UMMC provided an explanation for why it waited for two-and-a-half years from the filing of the complaint to actually pursue a defense that was available to it from the moment Stuart filed the complaint. Waiting for that length of time and doing nothing to prevent the case from proceeding is unreasonable and inexcusable. Furthermore, UMMC participated in discovery matters during that time. We find that UMMC's participation in this lawsuit and its failure to raise Stuart's noncompliance with the ninety-day-notice requirement until two-and-a-half years later constitute waiver of that defense. *See Grimes*, 982 So. 2d at 367-70; *Adams*, 947 So. 2d at 890-91; *Horton*, 926 So. 2d at 179-81.

¶10.    This Court has held that the MTCA notice requirements are jurisdictional and that, if they are not met, subject matter jurisdiction will not attach. It is well-established that the defense of lack of subject matter jurisdiction cannot be waived. *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804) ("[I]t was the duty of the Court to see that they had jurisdiction, for the consent of parties could not give it."); *see also Esco v. Scott*, 735 So. 2d 1002, 1006 (Miss. 1999) (citations omitted) ("[S]ubject matter jurisdiction may not be waived and may be asserted at any stage of the proceeding or even collaterally."); *Duvall v. Duvall*, 80 So. 2d 752, 754 (Miss. 1955) (citations omitted) ("It is a universal rule of law, recognized by the text writers and every court dealing with the question, that parties cannot, by consent, give

7

a court, as such, jurisdiction of subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be increased or diminished by the consent of the parties."). This Court has previously stated that the MTCA notice requirements set out in Section 11-46-11(1)-(2), including the ninety-day-notice requirement, are jurisdictional requirements. *See Bunton v. King*, 995 So. 2d 694, 695-96 (Miss. 2008) (citation omitted) ("The ninety-day notice requirement is jurisdictional."); *Little v. Miss. Dep't of Human Servs.*, 835 So. 2d 9, 12 (Miss. 2002) (citation omitted) ("Jurisdiction, however, will only attach when there has been 'substantial compliance' with the [MTCA notice] statutes."); *Henderson v. Un-Named Emergency Room*, 758 So. 2d 422, 427 (Miss. 2000) (finding that "the trial court lacked jurisdiction because Henderson failed to comply with the notice provisions of the MTCA"); *Jones ex rel. Jones v. Miss. Sch. for the Blind*, 758 So. 2d 428, 429 (Miss. 2000) (citations omitted) ("In interpreting the provisions of the Mississippi Tort Claims Act, this Court has [held] that 'when the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act.'"), *overruled on other grounds by Easterling*, 928 So. 2d at 820; *Jackson v. City of Wiggins*, 760 So. 2d 694, 695 (Miss. 2000) (same), *overruled on other grounds by Easterling*, 928 So. 2d at 820; *Leflore County v. Givens*, 754 So. 2d 1223, 1231 (Miss. 2000) (same), *overruled on other grounds by Easterling*, 928 So. 2d at 820; *Trosclair v. Miss. Dep't of Transp.*, 757 So. 2d 178, 180 (Miss. 2000) ("The notice requirements of the Tort Claims Act are jurisdictional."); *Gale v. Thomas*, 759 So. 2d 1150, 1158 (Miss. 1999) (citations omitted) ("This Court has held that the timely filing of notice is a jurisdictional prerequisite."); *Smith County Sch. Dist. v. McNeil*, 743 So. 2d 376, 378 (Miss. 1999) (citation omitted) ("When the simple

8

requirements of the [Mississippi Tort Claims] Act have been substantially complied with, jurisdiction will attach for purposes of the Act."); ***Miss. Dep't of Pub. Safety v. Stringer***, 748 So. 2d 662, 665 (Miss. 1999) (citation omitted) (stating that "[w]e have previously held that the timely filing of notice is a jurisdictional issue" and finding that the plaintiff failed to comply with Section 11-46-11 by failing to file a notice of claim); ***Thornburg v. Magnolia Reg'l Health Ctr.***, 741 So. 2d 220, 222 (Miss. 1999) (citation omitted) (stating that in ***Reaves***, this Court held that "[w]hen the simple requirements of the [Mississippi Tort Claims] Act have been substantially complied with, jurisdiction will attach for the purposes of the Act."); ***Tomlinson***, 741 So. 2d at 226 (same), *overruled for other reasons by **Easterling***, 928 So. 2d at 820; ***Tenn. Valley Reg'l Hous. Auth. v. Bailey***, 740 So. 2d 869, 872 (Miss. 1999) ("When the simple requirements of the [Mississippi Tort Claims] Act have been substantially complied with, jurisdiction will attach for the purposes of the Act."); ***Reaves v. Randall***, 1999 Miss. LEXIS 151, at *10 (Miss. 1999) (same); ***Carr v. Town of Shubuta***, 733 So. 2d 261, 265 (Miss. 1999) (citations omitted) (stating that a "notice of claim statute, like a notice of injury statute, 'is not a statute of limitation but imposes a condition precedent to the right to maintain an action'" and finding that plaintiff had substantially complied with Section 11-46-11(2)); ***Jackson v. Lumpkin***, 697 So. 2d 1179, 1181 (Miss. 1997) ("Lumpkin offers a number of arguments as to why this non-compliance [i.e., with Sections 11-46-11(1)-(2)] should not bar her claim, including the argument that the notice requirement is not jurisdictional, but rather only 'directive.' This Court finds this argument to be unpersuasive."), *overruled on other grounds by **Carr***, 733 So. 2d at 263.

¶11.	However, we now take the opportunity to overrule *Lumpkin* and *Carr* and their progeny, to the extent that these cases characterize the notice requirements set out in Section 11-46-11 as jurisdictional requirements. The notice requirements in the MTCA are substantive requirements, which are no more or less important than a statute of limitations. The notice requirements in the MTCA are not jurisdictional, and we now hold them to be nonjurisdictional and, therefore, waivable.

¶12.	Because this Court finds that UMMC waived its objection to Stuart's noncompliance with Section 11-46-11(1) and because, viewing the evidence in the light most favorable to Stuart, genuine issues of material fact existed, summary judgment should have been denied. *See Martin*, 984 So. 2d at 962 (citation omitted).

¶13.	Since we conclude that summary judgment should have been denied because UMMC waived its right to object to Stuart's noncompliance with Section 11-46-11(1), we do not address Stuart's second theory of waiver or his alternative argument regarding dismissal of his claims with prejudice.

**CONCLUSION**

¶14.	Because we find that summary judgment should not have been granted, the decision of the Court of Appeals and the trial court's Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment are reversed, and this case is remanded for further proceedings on the merits not inconsistent with this opinion.

¶15.	**REVERSED AND REMANDED.**

   **WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR. RANDOLPH, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. CHANDLER, J., NOT PARTICIPATING.**

**RANDOLPH, JUSTICE, SPECIALLY CONCURRING:**

¶16.    Based upon *Grimes v. Warrington*, 982 So. 2d 365, 369-70 (Miss. 2008), I agree with the Majority "that UMMC's participation in this lawsuit and its failure to raise Stuart's noncompliance with the ninety-day requirement until two-and-a-half years later constitute waiver of that defense." (Maj. Op. at ¶ 9). I further agree with the Majority that, because the pre-suit notice requirements of Mississippi Code Annotated Section 11-46-11 are waivable, they should not be considered jurisdictional. Finally, I agree with the Majority's decision to overrule prior cases insofar as they "characterize the notice requirements set out in Section 11-46-11 as jurisdictional requirements." (Maj. Op. at ¶ 11).

¶17.    However, I part ways with the Majority's decision to overrule *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999). "'Jurisdiction' is a broad term, and has been defined in countless ways by courts. Generally speaking, it means *the power or authority of a court to hear and decide a case*." *Fitch v. Valentine*, 946 So. 2d 780, 783 (Miss. 2007) (quoting *Penrod Drilling Co. v. Bounds*, 433 So. 2d 916, 922 (Miss. 1983)) (emphasis added). *See also Bullock v. Roadway Express, Inc.*, 548 So. 2d 1306, 1308 (Miss. 1989) ("[s]ubject matter jurisdiction relates to *the power and authority of a court to entertain and proceed with a case*.") (emphasis added). While the MTCA's pre-suit notice requirements are not jurisdictional, neither are they merely "directive." *Jackson v. Lumpkin*, 697 So. 2d 1179, 1181 (Miss. 1997) (incorrectly holding that the notice requirements are jurisdictional; correctly holding that such requirements are not simply "directive"). Instead, these notice requirements constitute "a *condition precedent to filing* particular kinds of lawsuits." *Wimley v. Reid*, 991 So. 2d 135, 139 (Miss. 2008) (emphasis added). *See also Carr*, 733 So. 2d at

11

263 (the notice of claim requirements are "a prerequisite to filing suit . . . .").[3] In short, the right to sue is conditioned upon fulfillment of the statutory notice requirements. "It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced . . . ." *Crawford Commercial Constructors, Inc. v. Marine Indus Residential Insulation, Inc.*, 437 So. 2d 15, 16 (Miss. 1983) (quoting *Georgia Pac. Ry. Co. v. Baird*, 76 Miss. 521, 24 So. 195, 196 (1898)). Thus, in the absence of satisfying the statutory notice requirement, no right of action exists.

¶18. The pre-suit notice requirements of the MTCA are akin to federal statutory notice requirements in employment discrimination suits. For instance, under the Age Discrimination in Employment Act, "before an aggrieved party can commence a civil action on an age discrimination claim he must file a charge with [the] EEOC 'within 180 days after the alleged unlawful practice occurred.'" *Pruet Production Co. v. Ayles*, 784 F. 2d 1275, 1279 (5th Cir. 1986) (quoting 29 U.S.C. § 626(d)(1)). *See also Yee v. Baldwin-Price*, 2009 WL 1361527, at *2 (5th Cir. May 15, 2009) (quoting *Pacheco v. Rice*, 966 F. 2d 904, 905 (5th Cir. 1992)) ("'[f]ailure to notify the EEO counselor in [a] timely fashion may bar' the employee's claim."); *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.*, 180 F. 3d 468, 473 (2d Cir. 1999) ("Title VII requires that plaintiffs file timely a charge with [the] EEOC. *See* 42 U.S.C. § 2000e-5(f). . . . After receiving such a 'notice-of-right-to-sue' letter, a plaintiff can bring a civil action against his or her employer. *See* 42 U.S.C. § 2000e-5(f)(3); 29 C.F.R. 1601.28(e)(1)."). In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct.

---

[3] *Carr* contains no statements by this Court that the pre-suit notice requirements of Section 11-46-11 are jurisdictional.

12

1127, 71 L. Ed. 2d 234 (1982), the United States Supreme Court determined that "filing a timely charge of discrimination with the EEOC is *not a jurisdictional prerequisite* to suit in federal court, but a *requirement* that, like a statute of limitations, is *subject to waiver, estoppel, and equitable tolling.*" ***Zipes***, 455 U.S. at 393 (emphasis added). In ***Ayles***, the Fifth Circuit cited ***Zipes*** in finding that "[t]he timely filing of a charge is *not a jurisdictional requirement* in the sense that failure to do so deprives the district court of subject matter jurisdiction, but is akin to a limitations statute which a plaintiff must satisfy as *a condition precedent to filing suit*." ***Ayles***, 784 F. 2d at 1279 (citing ***Zipes***, 455 U.S. at 393) (emphasis added). *See also* ***Yee***, 2009 WL 1361527, at *2 ("[t]he exhaustion requirement is not jurisdictional, however, and is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling."). This Court has deemed the pre-suit notice requirements of the MTCA to be subject to estoppel, *see* ***Carr***, 733 So. 2d at 264-65, and to waiver. *See* ***Aikens v. Whites***, 8 So. 3d 139, 140-41 (Miss. 2008); ***Grimes***, 982 So. 2d at 369-70. Thus, I find no language in ***Carr*** which requires overruling.

¶19. "While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions." ***Arceo v. Tolliver***, 949 So. 2d 691, 697 (Miss. 2006). Although the pre-suit notice requirements of Section 11-46-11 are *not* jurisdictional, their satisfaction *is* a necessary condition precedent to a plaintiff's right to file suit. However, that condition precedent *can* be waived, as in this case.