GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Barbara Jones (“Barbara”), natural mother and adult next friend of minor Jeramy Juan Jones (“Jeramy”), appeals the circuit court’s dismissal of her complaint alleging medical negligence against defendant South Central Regional Medical Center (the “Hospital”). This action was brought under the Mississippi Tort Claims Act (“MTCA”), and it was dismissed without prejudice by the circuit court because of Barbara’s failure to give the Hospital ninety days’ notice of the claim before filing her complaint. On appeal, Barbara claims: (1) the MTCA violates the Equal Protection Clause of the Seventh and Fourteenth Amendments to the United States Constitution, and (2) the MTCA violates the anti-trust, unfair competition, and price fixing provisions of the Sherman Anti-trust Act. We find that neither of Barbara’s claims were raised in the circuit court and are, thus, barred from appellate review by this Court. We further find that there was no error by the circuit court; therefore, we affirm.
 

 FACTS
 

 ¶ 2. Barbara brought a medical-negligence claim on behalf of her son, Jeramy, following Jeramy’s treatment by Dr. James Doran. Dr. Doran saw Jeramy at
 
 *667
 
 the Laurel Family Clinic in Laurel, Mississippi on July 12, 2006. The complaint named as defendants “the Laurel Family Clinic, P.A., a division of South Central Medical Center, and South Central Medical Center.”
 
 [1]
 
 Dr. Doran was not named as a defendant, nor was he served with process. The complaint recognized the Hospital as a governmental entity; thus, the complaint was filed pursuant to the MTCA.
 

 ¶ 3. Prior to the filing of her complaint, Barbara sent a notice of claim to the Hospital, the Laurel Family Clinic, and Dr. Doran pursuant to the requirements of the MTCA.
 
 See
 
 Miss.Code Ann. § 11-46-11(1) (Rev.2002). However, Barbara failed to wait the requisite ninety days before filing her complaint.
 
 See id.
 
 The notice of claim was filed on July 9, 2007, and the complaint was filed just eighty-five days later on October 2, 2007. Again, the complaint was only served on the Hospital. Based on Barbara’s failure to give ninety days’ notice of the action, the Hospital filed a motion to dismiss pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.
 

 ¶ 4. Barbara then filed a motion to compel, a motion to continue, and a motion to amend her complaint. A hearing was held on all the pending motions on February 25, 2008. The circuit court subsequently entered an order granting the Hospital’s motion to dismiss because of Barbara’s failure to strictly comply with the ninety-day notice requirement of the MTCA and dismissed the complaint without prejudice. Barbara now appeals the circuit court’s dismissal of her complaint.
 

 STANDARD OF REVIEW
 

 ¶ 5. We review the circuit court’s grant or denial of a motion to dismiss under a de novo standard of review.
 
 Harris v. Miss. Valley State Univ.,
 
 873 So.2d 970, 988(¶ 54) (Miss.2004). “When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in- support of his claim.”
 
 Id.
 
 (citing
 
 T.M. v. Noblitt,
 
 650 So.2d 1340, 1342 (Miss.1995)).
 

 ANALYSIS
 

 Whether the circuit court erred in dismissing Barbara’s complaint.
 

 ¶ 6. The entirety of the argument contained in Barbara’s brief concerns claims that the MTCA violates the Equal Protection Clause of the Seventh and Fourteenth Amendments to the United States Constitution and the Sherman Antitrust Act. Neither of these arguments were presented to the circuit court.
 
 [2]
 
 As such, this Court cannot address them on appeal.
 
 Triplett v. Mayor and Bd. of Aldermen of City of Vicksburg,
 
 758 So.2d 399, 401(¶ 9) (Miss.2000) (“This Court has long held that it will not consider matters raised for the first time on appeal.”).
 

 ¶ 7. Further, Rule 24(d) of the Mississippi Rules of Civil Procedure requires
 
 *668
 
 that a “party asserting the unconstitutionality of [a state] statute shall notify the Attorney General of the State of Mississippi within such time as to afford him an opportunity to intervene and argue the question of constitutionality.” “Rule 24(d) allows the State of Mississippi to intervene in any civil action wherein a major element of controversy pertains to the constitutionality of a state statute.” M.R.A.P. 24(d) cmt. Such notice to the Attorney General was not given in this case; thus, Barbara is precluded from raising a constitutional challenge to the MTCA.
 
 Oktibbeha County Hosp. v. Miss. State Dep’t of Health,
 
 956 So.2d 207, 210-11 (¶¶ 13-16) (Miss.2007).
 

 ¶ 8. It is clear that Barbara resorted to these novel claims on appeal because there was no error on the part of the circuit court. It is undisputed that Barbara failed to comply with the notice requirement of the MTCA, which requires that:
 

 After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.
 

 Miss.Code Ann. § 11^46-11(1).
 

 ¶ 9. The supreme court has held that “the ninety-day notice requirement under section 11-46-11(1) is a ‘hard-edged, mandatory rule which the Court strictly enforces.’”
 
 Univ. of Miss. Med. Ctr. v. Easterling,
 
 928 So.2d 815, 820(¶23) (Miss.2006) (quoting
 
 Ivy v. Gen. Motors Acceptance Corp.,
 
 612 So.2d 1108, 1116 (Miss.1992)). In
 
 Easterling,
 
 the supreme court reversed the circuit court’s denial of the defendant’s motion for summary judgment, holding that: “After the plaintiff gives notice, he must wait the requisite ninety days before filing suit. Because Easterling failed to comply with the ninety-day waiting period, her case must be dismissed.”
 
 Id.
 
 at (¶ 24).
 

 ¶ 10. Barbara filed a supplemental citation of authority with this Court pursuant to Rule 28(j) of the Mississippi Rules of Appellate Procedure, citing the supreme court’s recent decision in
 
 Stuart v. University of Mississippi Medical Center,
 
 21 So.3d 544 (Miss.2009). However,
 
 Stuart,
 
 is clearly distinguishable from this case.
 

 ¶ 11. In
 
 Stuart,
 
 the supreme court held that the defendant waived the affirmative defense of the plaintiffs noncompliance with the notice requirements of section 11-46-11(1) because the defense was not pursued until a motion for summary judgment was filed two-and-a-half years after the filing of the complaint.
 
 Id.
 
 at (¶ 9). The defendant was actively engaged in discovery during that period of time.
 
 Id.
 
 Such is not the case here. The Hospital filed its motion to dismiss based on the notice requirements of section 11-46-11(1), thereby actively pursuing this affirmative defense, a mere twenty-nine days after Barbara filed her complaint. Therefore, the supreme court’s decision in
 
 Stuart
 
 does nothing to support Barbara’s appeal.
 

 ¶ 12. Here, Barbara was obligated to wait the full ninety days before filing her complaint against the Hospital. Because she failed to do so, her complaint was properly dismissed by the circuit court; therefore, the judgment of the circuit court is affirmed.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 
 *669
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The Laurel Family Clinic, P.A., did not receive process in this matter. The only defendant served was the Hospital.
 

 [2]
 

 . Although, in her motion to amend the complaint, Barbara stated that she wished to raise the constitutionality of the MTCA, as we discuss further in this opinion, there was no valid complaint to amend. "[I]n order [for an amended complaint] to ‘relate back' under Mississippi Rule of Civil Procedure 15(c), the original complaint must be valid and here it is not.”
 
 Pickens v. Donaldson,
 
 748 So.2d 684, 690-91(1128) (Miss.1999) (footnote omitted). The Sherman Anti-trust Act was never mentioned in any pleading before the circuit court.