ISHEE, J.,
for the Court:
¶ 1. Benjamin D. Alexander filed a negligence suit against Newton County,‘Mississippi. After three years of litigation, Newton County was granted summary judgment based on governmental immunity under the Mississippi Tort Claims Act (MTCA). Alexander now appeals the grant of summary judgment in favor of Newton County, arguing the County waived the affirmative defense of immunity by failing to pursue the defense and participating in litigation for nearly three years. We agree with Alexander that tort immunity was waived and reverse the grant of summary judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 6, 2007, Alexander was driving west on a gravel road in Newton County. As he topped a hill, he encountered a road grader that was backing up, headed east in his same lane. Alexander swerved, and his pickup truck came to rest in a culvert on the opposite side of the road. Alexander’s vehicle did not make impact with the road grader.
¶ 8. On November 21, 2008, Alexander filed a complaint in the Newton County Circuit Court alleging personal injuries and property damage due to the negligence of Newton County and its employee. Alexander alleged the road grader’s driver, a County employee who was acting within the course and scope of his employ *690 ment, had acted negligently by backing up in the road and failing to keep a proper lookout. Alexander also asserted any other acts of negligence that may have been revealed through discovery. The County answered and alleged various defenses, including immunity under the MTCA.
¶ 4. Over the next three years, discovery took place, depositions were taken, and multiple continuances were granted. On October 4, 2011, the County moved for summary judgment, arguing that road maintenance, road repair, and the placement of warning signs are discretionary functions from which the County is immune under the MTCA. Aexander countered that immunity had been waived because the County had failed to pursue the affirmative defense in a timely manner. The trial court, agreeing with the County, found immunity existed under the MTCA and granted summary judgment.
¶ 5. Aexander now appeals, arguing the County waived the right to raise the issue of immunity under the MTCA because it participated in litigation for nearly three years before pursuing the defense.
STANDARD OF REVIEW
¶ 6. Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). A de novo standard of review is applied to the grant of a motion for summary judgment. Kilhullen v. Kan. City S. Ry., 8 So.3d 168, 174 (¶ 14) (Miss.2009). When reviewing such a motion, “the evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Id. (quoting Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993)). • However, the opposing party “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
DISCUSSION
¶ 7. The parties agree that Aexander’s negligence action against Newton County is governed by the provisions of the MTCA. See Miss.Code Ann. § 11-46-7 (Rev.2012). The MTCA is the exclusive remedy for claims against governmental entities and their employees. Id. The MTCA provides specific exemptions from tort liability. Miss.Code Ann. § 11-46-9 (Rev.2012). Relevant to this case, section 11^46-9(l)(d) states:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
[[Image here]]
(d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused....
The definition of “governmental entity” includes political subdivisions, and a county is a political subdivision. Miss.Code Ann. § 11-46-1 (g), (i) (Rev.2012).
¶ 8. Athough the County qualified for immunity from Aexander’s suit under the provisions of the MTCA, it was the County’s duty to pursue this defense. Immunity under the MTCA is an affirmative defense that must be specifically pled in order not to be waived. Estate of Grimes ex rel. Grimes v. Warrington, 982 So.2d 365, 370 (¶ 24) (Miss.2008). “A defendant’s failure to timely and reasonably raise and pursue the enforcement of any *691 affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.” E. Miss. State Hosp. v. Adams, 947 So.2d 887, 891 (¶ 10) (Miss.2007) (quoting Miss. Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180 (¶ 44) (Miss.2006)). “To pursue an affirmative defense or other such rights, a party need only assert it in a pleading, bring it to the court’s attention by motion, and request a hearing. Once a hearing is requested, any delay by the trial court in holding the hearing would not constitute a waiver.” Horton, 926 So.2d at 181 n. 9.
¶ 9. The County raised the immunity defense on December 22, 2008, in its answer to Alexander’s complaint. The answer asserted sixteen defenses, with defenses five through nine relating to MTCA immunity. The next time this defense was raised was on October 4, 2011, in the County’s motion for summary judgment. Between December 2008 and October 2011, the County participated in discovery, including filing for interrogatories, requests for production of documents, and requests for admissions. The County participated in several depositions scheduled by Alexander, including those of Alexander, the road-grader operator, and Alexander’s two neurosurgeons. In October 2010, the County subpoenaed Alexander’s medical records, and in June 2011, the County filed a motion to compel Alexander’s cellphone number, his medical records, and his financial records. The record reflects this case was set for trial nine different times, with at least six agreed orders of continuance being signed by the parties. One motion for continuance was objected to by the County. On July 2, 2011, in preparation for trial, the County filed a motion in limine to exclude various testimony and evidence. On July 31, 2011, counsel for the County sent Alexander’s counsel a letter requesting a settlement offer.
¶ 10. Alexander argues the County’s actions over the course of nearly three years waived its right to assert immunity as a defense. Alexander cites to the following Mississippi Supreme Court cases in support of his argument: Grimes, 982 So.2d 365; Adams, 947 So.2d 887; Horton, 926 So.2d 167; and Stuart v. University of Mississippi Medical Center, 21 So.3d 544 (Miss.2009).
¶ 11. In Grimes, the plaintiff filed a wrongful-death complaint against a doctor who was employed at a hospital covered by the MTCA. Grimes, 982 So.2d at 367 (¶ 10). The doctor answered the complaint and raised the affirmative defense of tort immunity under the MTCA as his seventh affirmative defense, but he did not actively pursue the defense. Id. at 366 (¶ 4). After participating in discovery and trial preparation for five years, the doctor moved for summary judgment based on MTCA immunity. Id. at (¶ 5). The motion was granted by the trial court. Id. at (¶ 6). However, on appeal, the supreme court reversed, finding that the five-year delay was unreasonable because all the evidence needed to raise the defense was available from the inception of the case. Id. at 370 (¶ 26). The supreme court held that the doctor’s “failure actively and specifically to pursue his MTCA affirmative defense while participating in the litigation served as a waiver of the defense.” Id. at (¶ 27).
¶ 12. Adams, Horton, and Stuart are not MTCA cases, but they offer relevant analysis. In Adams, the defendants waited two years after the plaintiffs’ complaint was filed before seeking dismissal based on insufficiency of process and insufficiency of service of process. Adams, 947 So.2d at 889 (¶¶ 4—5). These affirmative *692 defenses were raised in the defendants’ answer, but the trial court found this was insufficient. Id. at 889-90 (¶ 6). On appeal, the supreme court agreed, holding that the failure to actively pursue the defenses for two years, coupled with active participation in litigation, served to waive the defenses of insufficiency of process and insufficiency of service of process. Id. at 891 (¶¶ 11-12). In Horton, the defendants asserted their right to compel arbitration as an affirmative defense in their answer, but they waited eight months before filing a motion to compel arbitration or requesting a hearing. Horton, 926 So.2d at 180 (¶ 41). The supreme court found the defendants’ eight-month delay in pursuing the defense, coupled with active participation in litigation, waived the right to compel arbitration. Id. at (¶ 42). Finally, in Stuart, the plaintiff filed a wrongful-death suit but failed to comply with the notice provisions of the MTCA. Stuart, 21 So.3d at 546 (¶ 1). The defendant did not assert its defense until over two years after the complaint was filed. Id. at 548 (¶ 8). In finding the defense was waived, the supreme court stated that the delay in asserting the defense, while participating in litigation, was “unreasonable and inexcusable.” Id. at (¶ 9).
¶ 13. The facts of these cases are similar to the case at hand. The County raised the affirmative defense of immunity in its answer, but it waited nearly three years before pursuing the defense in a motion for summary judgment. The County argues the delay was excusable because it had to participate in litigation to establish a factual basis for immunity under the MTCA. For immunity under the MTCA to apply, the claim must involve “a discretionary function or duty on the part of a governmental entity or employee thereof....” Miss.Code Ann. § 11^46-9(l)(d) (emphasis added). “A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee.” Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 19) (Miss.2012). A duty is ministerial and not covered by the immunity provisions of the MTCA “if it is positively imposed by law and required to be performed at a specific time and place, removing an officer’s or entity’s choice or judgment.” Id. A two-part public-function test is used to determine whether a governmental entity is entitled to immunity. Id. at (¶ 20). First, it must be determined “whether the activity in question involved an element of choice or judgment.” Id. If so, we “must decide whether that choice or judgment involved social, economic, or political-policy considerations.” Id.
¶ 14. The trial court found that the road work being performed was a discretionary function and, thus, subject to immunity under the MTCA. Also, the trial court found that the road-grader operator was an employee of the County and was acting in the course and scope of his employment. These findings are not disputed on appeal. We agree with the County that some discovery was necessary to make these determinations. However, we find that these determinations could have been made after the depositions of Alexander and the road-grader operator. These depositions were taken on May 28, 2009; the County did not file for summary judgment until October 4, 2011. The County offers no explanation for its delay other than its argument that the Mississippi Supreme Court has never found that specific exemptions under section 11-46-9 are waivable. We find this argument is without merit.
¶ 15. After May 28, 2009, when the drivers’ depositions were taken, the County continued to participate in litigation for approximately two years and four months. *693 All the litigation from May 28, 2009, to October 4, 2011, was related to Alexander’s injuries and economic damages. During this time the County requested Alexander’s tax returns, medical bills, medical records, therapy records, and military records. The County also requested documents concerning the damage to Alexander’s pickup truck. Leading up to trial, the County filed two motions to compel and a motion in limine, all relating to medical records. Finally, in a letter dated July 31, 2011, the County’s counsel reiterated its requests for medical records and then stated: “[W]e therefore ask that you provide us with a settlement demand as soon as possible in an effort to possibly avoid incurring some of the future legal expenses as I have detailed above.” All of this was irrelevant to whether or not MTCA immunity applied.
¶ 16. While there is not a set number of days that constitutes an unreasonable delay, our supreme court has held “that— absent extreme and unusual circumstances — an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law.” Horton, 926 So.2d at 181 (¶ 45) (footnote omitted). Here, we find that the two-year-and-four-month delay while the County pursued discovery related to Alexander’s damages was “an unnecessary and excessive waste of the time and resources of the parties.... ” Grimes, 982 So.2d at 370 (¶ 26).
¶ 17. Having found the County’s two-year-and-four-month delay in pursuing its affirmative defense of MTCA immunity was unreasonable and unnecessary, we likewise find the defense was waived. Some participation was necessary to determine whether the acts of the County and its employee were discretionary in nature and whether the employee was acting within the course and scope of his employment; however, once the drivers’ depositions were taken, the County had sufficient information to pursue its immunity defense under the MTCA. Thus, the trial court’s grant of summary judgment in favor of Newton County is reversed, and this case is remanded for reinstatement on the trial court’s docket.
¶ 18. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.