# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CA-00999-SCT

*THE BOARD OF SUPERVISORS FOR LOWNDES*
*COUNTY, MISSISSIPPI, HARRY SANDERS, TRIP*
*HAIRSTON, JOHN HOLLIMAN, JEFF SMITH*
*AND LEROY BROOKS, IN THEIR OFFICIAL*
*CAPACITIES AS MEMBERS THEREOF*

*v.*

*LOWNDES COUNTY SCHOOL DISTRICT BY*
*AND THROUGH THE LOWNDES COUNTY*
*SCHOOL BOARD, ROBERT BARKSDALE, JANE*
*KILGORE, WESLEY BARRETT, BRIAN CLARK,*
*AND JACQUELINE GRAY, IN THEIR OFFICIAL*
*CAPACITIES AS MEMBERS THEREOF*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/2021 |
| TRIAL JUDGE: | HON. RODNEY PURVIS FAVER |
| TRIAL COURT ATTORNEYS: | JOHN SIMEON HOOKS |
| | LINDSEY OSWALT WATSON |
| | ANDREW SCOTT HARRIS |
| | JAMES A. KEITH |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | ANDREW SCOTT HARRIS |
| | CHRISTOPHER STEVEN PACE |
| | ABBEY ADCOCK REEVES |
| ATTORNEY FOR APPELLEES: | JOHN SIMEON HOOKS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/01/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     The Board of Supervisors for Lowndes County appeals the trial court's grant of

summary judgment in favor of the Lowndes County School District. The Board argues that the trial court erred in its interpretation of Mississippi Code Section 37-57-107(1) (Rev. 2014) and that the trial court lacked jurisdiction to review the Board's September 15, 2020 decision to exclude $3,352,075[1] from the District's requested ad valorem tax effort.

## FACTUAL AND PROCEDURAL HISTORY

¶2.     The following is a recitation of the undisputed facts taken from the trial court's order granting summary judgment in favor of the District:

> The [Board] entered into a [fee-in-lieu of ad valorem tax agreement] FILOT with Steel Corr, LLC, and its subsequent successor(s)[2] on August 27, 2008. The FILOT provided for annual payments in lieu of ad valorem taxes levied by Lowndes County on behalf of the Lowndes County School District and Lowndes County in the amount of 1/3 of the annual ad valorem tax levy for the Phase II Expansion Project ("Project"), including ad valorem taxes for School District purposes to be calculated as provided by the agreement. The first payment was to begin on February 1, 2011, with the last payment on February 1, 2020;
>
> The Project is comprised of several properties, both real and personal, as well as the properties of "Additional Participants," as the term is used in the FILOT;
>
> In accordance with the FILOT and Miss. Code Ann. § 27-31-104[(4)], Greg Andrews, the Lowndes County Tax Assessor, assessed the Project each year beginning in 2010 to determine the Project's total ad valorem tax levy in order to calculate the 1/3 fee in lieu owed for the Project for each Succeeding Assessment Year, as defined in the FILOT and required by law;

---

[1] This amount represents the Board's estimate of ad valorem taxes on the properties previously subject to a fee-in-lieu agreement.

[2] "SeverCorr later became known as Severstal Columbus, which eventually was acquired by Steel Dynamics, Inc."

Steel Corr, LLC, and/or its successors have been listed on the Lowndes County Tax Rolls since 2010;

On August 14, 2020, pursuant to Miss. Code Ann. § 37-57-104[(1)], [the District] filed copies of the school district's budget with the [Board] and adopted a resolution requesting an ad valorem tax effort in the amount of $27,421,842.00 for support of the school district in its fiscal year 2020-21. This request included an estimated $3,538,675.00 in ad valorem taxes on "new" property. Of that amount, an estimated $3,470,720.00 represented ad valorem taxes on properties previously subject to the expired FILOT;

On September 15, 2020, the [Board] granted [the District's] budget request, excluding $3,352,075.00 - an amount specifically calculated by [the Board] to represent ad valorem taxes on the properties previously subject to the expired FILOT. In excluding said amount, [the Board] stated in their official minutes it was based on a finding that [the District's] requested increased funding improperly includes "new" property that does not meet the definition set out in the applicable laws of the State of Mississippi, and [the District's] definition of "new" property causes the exclusion of a referendum mandated by Mississippi law;

Additionally, on September 20, 2020, the [Board] set the 2021 total millage for the Lowndes County School District at 44.76[3] mills and voted to associate [Chris] Pace to file a declaratory action asking the Court to decide whether the [District] or the [Board] [is] correct with regard to the interpretation of "new" property as set forth in Miss. Code Ann. §37-57-107[(1)];

[The District], not [the Board], initiated the declaratory action lawsuit on October 26, 2020;

The subject amount of $3,352,075.00 exceeds the 7% increase limit set forth in Miss. Code Ann. § 37-57-107(1); and

Lowndes County Tax Assessor Greg Andrews's Affidavit attached as Exhibit 2 to [the Board's] Motion for Summary Judgment is uncontroverted.

---

[3] "Said amount does not take into account the $3,352,075.00."

¶3.    The District filed a complaint for declaratory relief in the Lowndes County Chancery Court on October 26, 2020. It alleged that the Board's September 15, 2020 decision to reject $3.35 million of its requested tax effort was in violation of Mississippi Code Section 37-57-104(1) (Rev. 2014) and was based on an improper interpretation of Section 37-57-107(1).

¶4.    The District conceded that the rejected portion of its tax effort exceeded the 7 percent cap on tax increases in Section 37-57-107(1). It argued, however, that the rejected portion should be excluded from the 7 percent cap because it was the subject of a fee-in-lieu of ad valorem tax agreement that expired in 2020. In support of its argument, the District cited a provision of Section 37-57-107(1) that excludes from the 7 percent cap "any properties previously exempt which were not assessed in the next preceding year[.]" Miss. Code Ann. § 37-57-107(1).

¶5.    In its answer, the Board argued that it "complied with Mississippi law by rejecting the District's tax increase because it exceeded the seven percent (7%) cap provided by Miss. Code Ann. §§ 37-57-104 or 37-57-107." According to the Board, the property that was subject to the expired fee-in-lieu agreement was not "previously exempt" and had been "assessed in the previous year by the Lowndes County Tax Assessor." The property, therefore, did not meet the requirements of Section 37-57-107(1) and was not excluded from the 7 percent cap.

¶6.    The District moved for summary judgment. It asked the court to declare that the Board wrongly interpreted the plain language of Sections 37-57-104 and -107 and to enter an order

requiring the Board to remedy the $3.35 million shortfall. The Board likewise moved for summary judgment. It asked the court to declare correct its interpretation of the applicable statutes and to dismiss the District's claims with prejudice. As part of its motion, the Board argued that the chancery court lacked jurisdiction because the District "filed no bill of exceptions to appeal the Board's decision to the Lowndes County Circuit Court."

¶7.     The trial court held that a plain reading of Section 37-57-107(1) "allows for the treatment of an expired [fee-in-lieu agreement] as previously exempt properties which were not assessed in the next preceding year; and as such, may not be counted towards the 7% cap increase in setting the Lowndes County School District's 2021 millage rate." He, therefore, granted the District's motion for summary judgment "to the extent that the Court finds and orders that the Project properties subject to the [fee-in-lieu agreement] were *previously exempt which were not assessed in the next preceding year* and may be excluded from the 7% cap increase on ad valorem tax receipts for 2021 . . . ."

¶8.     On the issue of the court's jurisdiction, the trial court found that the issue was waived because the Board admitted in its answer that the Lowndes County Chancery Court had subject matter jurisdiction and failed to raise the jurisdiction defense in its original answer. The Board appealed the trial court's grant of summary judgment.

## STATEMENT OF THE ISSUES

¶9.     The Board presents two issues: (1) whether the trial court erred by determining that it had subject matter jurisdiction to hear this matter, and (2) whether the trial court erred in

its interpretation of Mississippi Code Section 37-57-107(1). Our ruling on the jurisdictional issue is dispositive.

## DISCUSSION

¶10.    Mississippi Code Section 11-51-75 is the "exclusive remedy" for a party appealing a decision by a county board of supervisors. *Falco Lime, Inc. v. Mayor & Alderman of Vicksburg*, 836 So. 2d 711, 717 (Miss. 2002) (internal quotation marks omitted) (quoting *Benedict v. City of Hattiesburg*, 693 So. 2d 377, 381 (Miss. 1997)). It reads, in part:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which the session of the board of supervisors or the governing authority of the municipality rendered the judgment or decision.

Miss. Code Ann. § 11-51-75 (Rev. 2019).

¶11.    A party appealing a decision by a county board of supervisors is therefore required to appeal that decision to the applicable circuit court and file a notice of appeal with that court within ten days of the board's decision. *Id.* "The statute clearly directs that appeals from judgments or decisions of municipal authorities [or the board of supervisors of a county] are to be taken to the circuit court, except where the subject of the appeal is the issuance and sale of bonds, in which case, the appeal is made to the chancery court." *S. Cent. Turf, Inc. v. City of Jackson*, 526 So. 2d 558, 561 (Miss. 1988); *see also* Miss. Code Ann. § 11-51-75(e) (Rev. 2019).

6

¶12.    The Board made the decision to deny $3.35 million of the District's requested tax effort at its September 15, 2020 meeting. The District did not file a notice of appeal. And "[u]nder Section 11-51-75, as revised, it is the filing of the notice of appeal that establishes appellate jurisdiction in the circuit court." *Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300, 305 (Miss. 2021).

¶13.    The filing of a notice of appeal, like the filing of a bill of exceptions under the prior version of the statute,[4] is mandatory and jurisdictional. *Longo v. City of Waveland*, 353 So. 3d 437, 444 (Miss. 2022) ("*American Tower* emphasized that it is the filing of a timely notice of appeal that establishes jurisdiction in the circuit court under Section 11-51-75." (citing *Am. Tower Asset Sub*, 324 So. 3d at 305)); *see also City of Jackson v. Allen*, 242 So. 3d 8, 22 (Miss. 2018) (holding that the filing of a bill of exceptions was a jurisdictional requirement under the prior version of Section 11-51-75), *superseded by statute as recognized in Am. Tower Asset Sub*, 324 So. 3d at 302. Likewise, the requirement of filing with the circuit court within ten days of the decision by the board of supervisors is mandatory and jurisdictional, as it was under the prior version of the statute. *Longo*, 353 So. 3d at 444 (citing *Am. Tower Asset Sub*, 324 So. 3d at 305); *see also Seyfarth v. Adams Cnty. Bd. of Supervisors*, 267 So. 3d 767, 771 (Miss. 2019) (holding that the requirement of filing with

---

[4] "The 2018 amendment to Mississippi Code Section 11-51-75 removed the bill-of-exceptions requirement that was set forth previously by statute" and replaced it with the notice-of-appeal requirement. *Bd. of Supervisors of Jackson Cnty. v. Qualite Sports Lighting, LLC*, 337 So. 3d 1040, 1044 (Miss. 2022) (citing *Am. Tower Asset Sub*, 324 So. 3d at 302).

the circuit court within ten days of the decision by the board of supervisors was mandatory and jurisdictional under the prior version of Section 11-51-75 (citing *Lowndes Cnty. ex rel. Bd. of Supervisors v. McClanahan*, 161 So. 3d 1052, 1056 (Miss. 2015), *superseded by statute as recognized in Am. Tower Asset Sub*, 324 So. 3d at 302 n.2)), *superseded by statute as recognized in Am. Tower Asset Sub*, 324 So. 3d at 302 n.2. Both are necessary for the circuit court to have the power to review a decision by a board of supervisors. *Longo*, 353 So. 3d at 444 (citing *Am. Tower Asset Sub*, 324 So. 3d at 305).

¶14.    The District failed to file a notice of appeal in the circuit court, and it failed to do so within the ten-day deadline, both of which are jurisdictional requirements of Section 11-51-75. Instead, the District challenged the Board's decision by filing a request for a declaratory judgment in the chancery court. The chancery court was without jurisdiction under Section 11-51-75 to review the Board's September 15, 2020 decision to deny $3.35 million of the District's requested tax effort. And because Section 11-51-75 was the District's exclusive remedy to dispute the Board's decision, the chancery court was without jurisdiction to issue a declaratory judgment. *See Newell v. Jones Cnty.*, 731 So. 2d 580, 583 (Miss. 1999).

¶15.    The District, however, argues that the chancery court had jurisdiction to resolve its claims in their entirety. First, the District argues that Section 11-51-75 was not the District's exclusive remedy because "[t]he Courts of Appeal have held on multiple occasions that where notice is insufficient, the appeal provided in § 11-51-75 is **not** the claimant's exclusive remedy."

8

¶16. The District concedes that it was aware of the Board's decision respecting its ad valorem tax request. But the District argues that it relied to its detriment on the Board's representation (as approved unanimously in the Board's minutes) that it would file a declaratory action to determine whether its decision was lawful. Thus, the District argues, fundamental fairness has been compromised, and the door has been opened for equitable relief.

¶17. In the cases cited by the District, this Court held that when notice to appear at the hearing at which the disputed decision was made was deficient, the remedy provided for by Section 11-51-75 is not exclusive. *City of Jackson v. Jordan*, 202 So. 3d 199, 204 (Miss. 2016) (citing *Cook v. Bd. of Supervisors of Lowndes Cnty.*, 571 So. 2d 932, 934 (Miss. 1990); *Williams v. Walley*, 295 So. 2d 286, 288 (Miss. 1974)). None of these decisions, however, support an entire exception from Section 11-51-75 in the name of fundamental fairness as the District argues. The District does not argue that notice of the September 15, 2020 hearing was deficient. Thus, we find no basis to support the District's argument that Section 11-51-75 was not its exclusive remedy.

¶18. Second, the District argues that the issue of jurisdiction was waived by the Board either by the Board's failing to raise the issue in its answer or by the Board's request in its counterclaim that the court review its September 15, 2020 decision. But, as this Court has held repeatedly, "the defense of lack of subject matter jurisdiction cannot be waived." *Ridgeway v. Hooker*, 240 So. 3d 1202, 1208 (Miss. 2018) (internal quotation marks omitted)

9

(quoting *Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 548-49 (Miss. 2009)). Subject matter jurisdiction involves a court's power to hear a particular type of claim. *Id.* (quoting *Kelly v. Cuevas (In re Est. of Kelly)*, 951 So. 2d 543, 548 (Miss. 2007)). And, "[u]nder Section 11-51-75, as revised, it is the filing of the notice of appeal that establishes appellate jurisdiction" over a decision by a county board of supervisors. *Am. Tower Asset Sub*, 324 So. 3d at 305. The Board did not waive the issue of jurisdiction.

## CONCLUSION

¶19. The District appealed the decision of a county board of supervisors. As such, the District's exclusive remedy was Section 11-51-75. It requires a party aggrieved by a decision of a board of supervisors to file a notice of appeal in the proper circuit court within ten days of the board's decision. Because the District failed to meet these requirements and because Section 11-51-75 was the District's exclusive remedy, the chancery court was without jurisdiction to hear this matter and issue a declaratory judgment. Therefore, we reverse the trial court's grant of summary judgment, and we remand this case to the chancery court for it to enter an order dismissing the case for lack of jurisdiction.

¶20. **REVERSED AND REMANDED.**

**COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.**

**KING, PRESIDING JUSTICE, CONCURRING IN RESULT ONLY:**

¶21. Because I have concerns about the majority's conclusion finding that the chancery

court lacked jurisdiction, I concur in result only. In its counterclaim before the Lowndes County Chancery Court, the Board of Supervisors for Lowndes County asked the chancery court for a declaratory judgment regarding its taxation decision. Arguably, such a counterclaim could bring the entire lawsuit within the jurisdiction of the chancery court. In certain instances, when a chancery court has taken jurisdiction on any one ground of equity, it may "proceed in the one suit to complete adjudication . . . ." *See First Nat'l Bank of Vicksburg v. Middleton*, 480 So. 2d 1153, 1156 (Miss. 1985); *Cossitt v. Nationwide Mut. Ins. Co.*, 551 So. 2d 879 (Miss. 1989), *overruled on other grounds by Meyers v. Am. States Ins. Co.*, 914 So. 2d 669 (Miss. 2005). The Lowndes County School District, however, cites no authority in support of this notion, nor does it engage in any in-depth analysis regarding the counterclaim's potential to bring the school district's complaint within the chancery court's subject matter jurisdiction in this particular situation. Accordingly, I believe that this case is not the proper case in which to address the issue. I therefore concur in result only.

**KITCHENS, P.J., JOINS THIS OPINION.**

11