ROBERTS, J.,
for the Court:
¶ 1. This appeal requires an examination of the acceptable manners in which a plaintiff under the Mississippi Tort Claims Act (MTCA) may serve a notice of claim. Gwen and James Guthrie argue that the Jones County Circuit Court erred when it dismissed their complaint against the Jones County School District and the Jones County Board of Education (collectively “District”). The circuit court held that the Guthries’ complaint was untimely because they had faxed their notice-of-claim letter on the date that the statute of limitations lapsed, and delivery by fax was insufficient to toll the one-year statute of limitations. However, the Mississippi Supreme Court has expressly held that plaintiffs proceeding under the MTCA are held to a substantial-compliance standard regarding their obligation to deliver a notice of claim. Because the Guthries substantially complied with the requirements that govern the manner in which an MTCA plaintiff must deliver a statutory notice-of-claim letter, we reverse the judgment of the circuit court and remand this matter for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Gwen, James, and their three minor children sued the District under the Mississippi Tort Claims Act (MTCA) and claimed that a school bus rear-ended their car on February 23, 2009. Gwen claimed that she suffered two bulging vertebrae discs as a result. Gwen initially obtained medical-insurance benefits through her own auto-insurance policy. After she exhausted her benefits, she contacted the District’s insurance adjuster and requested that the District’s insurance pay for the remainder of her medical bills. According to Gwen, the District’s insurance adjuster told her that the District’s insurance policy would pay for her remaining medical bills. However, on February 16, 2010, the District’s insurance adjuster reversed that position and told Gwen that the District’s insurance policy would only pay up to $10,000 of her medical bills.
*1226 ¶ 3. February 23, 2010, was the one-year anniversary of the collision. That same day, the Guthries first contacted their attorney, who rushed to prepare and deliver a notice of claim. Because the Guthries’ attorney was in Ocean Springs, Mississippi, he was unable to arrange for hand-delivery of the notice of claim to the District in Laurel, Mississippi. Consequently, the Guthries’ attorney faxed a notice of claim to the superintendent for the District. The Guthries’ attorney also sent the District a copy of the notice of claim via certified mail. Two days later, the District received the notice of claim that had been sent by certified mail.
¶4. After the Guthries filed their complaint, the District moved to dismiss the Guthries’ lawsuit on the basis that the they had failed to strictly comply with Mississippi Code Annotated section 11^16-11(2) (Rev.2004) by sending their notice-of-claim letter via fax on the one-year anniversary of the collision. The District further argued that because it had not received the Guthries’ notice-of-claim letter via certified mail until February 25, 2010, the Guthries failed to toll the one-year statute of limitations and, as a consequence, the statute of limitations lapsed on the one-year anniversary of the collision. The circuit court agreed with the District and granted its motion to dismiss. The Guthries appeal.
STANDARD OF REVIEW
¶ 5. We review a circuit court’s decision to grant a motion to dismiss de novo. Jones v. Laurel Family Clinic, P.A., 37 So.3d 665, 667 (¶ 5) (Miss.Ct.App.2010) (citation omitted). “When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. Furthermore, whether a plaintiff adequately complied to the MTCA’s statutory notice requirements is a question of law. Thornburg v. Magnolia Reg’l Health Ctr., 741 So.2d 220, 222 (¶ 3) (Miss.1999) (citation omitted). We review questions of law de novo. Roberts v. New Albany Separate Sch. Dist., 813 So.2d 729, 730-31 (¶ 4) (Miss.2002).
ANALYSIS
¶ 6. The District claims the circuit court properly dismissed the Guthries’ complaint because the one-year statute of limitations expired when the Guthries failed to strictly comply with the notice-of-claim requirements in section 11-46-11(2). Section 11-46-11(2) provides that “[e]very notice of claim [under the MTCA] shall be in writing, and shall be delivered in person or by registered or certified United States mail.” According to the District, the Guthries’ faxed notice-of-claim letter on the one-year anniversary of the collision that gave rise to the claim was insufficient to toll the statute of limitations.
¶ 7. In Thornburg, 741 So.2d at 223 (¶ 9), the Mississippi Supreme Court addressed circumstances in which a plaintiff proceeding under the MTCA sent the statutory notice-of-claim letter by first-class mail instead of by personal delivery or registered or certified mail. The supreme court held that “failure to comply with this provision should not, as a matter of law, serve as a basis for dismissing a lawsuit.” Id. The supreme court went on to hold that “in cases in which notice is sent by first[-]class mail, a governmental entity must demonstrate actual prejudice resulting from the failure to comply with the ‘registered or certified mail’ requirement in order to be entitled to a dismissal on this basis.” Id. Finally, the supreme court instructed that “there is no valid reason why the sending of the notice by first[-]class mail should *1227 result in a dismissal in cases in which the governmental entity has (1) received the notice and (2) suffered no actual prejudice as a result of the plaintiffs failure to comply with [section] 11-46-11(2).” Id. at 224 (¶ 11). Consequently, the supreme court reversed the circuit court’s decision to dismiss the complaint and remanded the case for further proceedings. Id.
¶ 8. The question is whether an MTCA plaintiff substantially complies .with section 11-46-11(2) by faxing a notice-of-claim letter. The Guthries’, attorney noted that he had received a confirmation fax indicating that the faxed notice of claim had been successfully transmitted .and that the District had received it. The District has never claimed that it did not receive the faxed notice of claim on February 28, 2010. In McNair v. University of Mississippi Medical Center, 742 So.2d 1078, 1082 (¶ 21) (Miss.1999), the supreme court held that a plaintiff substantially satisfied the notice requirements of 11-46-11(2) despite the fact that the plaintiff had sent the notice-of-claim letter “to the wrong person and ... via an improper route.”
¶ 9. Similarly, the Guthries sent their notice-of-claim letter via an improper route, albeit a different improper route than in Thornburg and McNair. There is no dispute that the District received the faxed notice-of-claim letter on February 28, 2010. The supreme court has clearly held that substantial compliance with section 11 — 46—11(2) is sufficient to toll the one-year statute of limitations that applies to MTCA cases. We find that the Guth-ries substantially complied with section 11-46-11(2). The District did not argue that it had not received the Guthries’ faxed notice-of-claim letter on February 23, 2009. Likewise, the District did not argue that it was prejudiced by the manner in which the Guthries delivered their notice-of-claim letter. Accordingly, we find the circuit court erred when it held that the Guthries’ notice of claim was insufficient because they were obligated to strictly comply with section 11-46-11(2). We, therefore, reverse the judgment of the circuit court and remand this matter for further proceedings.
¶10. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J„ NOT PARTICIPATING.