ON WRIT OF CERTIORARI

PIERCE, Justice,
for the Court;
¶ 1. John Doe initiated this action on behalf of his daughter, Jane Doe (collectively Doe), after she was sexually assaulted on a Rankin County School District (RCSD) school bus, parked on the campus of Richland High School (RHS). '■ After nineteen months of discovery, the circuit *618 court granted RCSD’s motion for summary judgment against Doe based on governmental immunity under the Mississippi Tort Claims Act (MTCA). Doe moved for reconsideration, arguing RCSD had waived immunity through active participation in the litigation. The circuit court denied the motion. The Court of Appeals (COA) reversed the circuit court’s ruling. Applying - the now-overruled, . two-part, public-function test, the COA found that RCSD was entitled to discretionary-function immunity because: (1) RCSD’s duty to oversee student conduct and school safety involved an element of choice and/or judgment and (2) RCSD’s actions regarding implementation of school-safety measures and student discipline involved social and economic policy considerations. The COA, however, found that RCSD had waived immunity in this instance by actively participating in the litigation process and unreasonably delaying pursuit of its immunity defense for sixteen months. We granted RCSD’s request for writ of certio-rari.
¶ 2. Based on this Court’s recent decision in Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014), which established a new test for determining the application of discretionary-function immunity, we reverse both the COA’s and the trial court’s decisions and remand this case to the trial court for the parties to present evidence in light of the new standard.
FACTS AND PROCEDURAL HISTORY
¶ 3. The following facts are undisputed. On May 16, 2008, during the last “block” of Richland High School’s academic schedule, Jane Doe and several friends skipped class and met at a nearby McDonald’s. While there, Doe met other RHS students for the first time, including Bart.[1] Bart, Doe, and several classmates returned to RHS prior to the school’s scheduled release in order to board ■ their respective school buses. Once back on campus, Bart pushed Doe onto a vacant school bus and forced her to perform oral sex. Doe then left the bus and adjourned to a bathroom until she was able to board her bus to go home. When the new school year bégan in August, Doe reported this incident for the first time, sharing the information with an RHS teacher. The teacher then alerted others, including the school’s' principal' and Doe’s parents. Bart subsequently was expelled and sent to an alternative school.
¶ 4. On December 7, 2009, Doe (through her father) sued the Rankin County School District, alleging that:
1. RCSD failed to provide adequate security at the high school;
2. RCSD failed to implement reasonable measures for personal security and safety of Doe;
3. RCSD failed to warn Doe of Bart’s past sexual misconduct; and
4. RCSD failed to reasonably inspect and secure the premises from the foreseeable harm suffered by Doe.
Throughout the following year and a half, the parties engaged in extensive discovery, with both sides learning important details regarding the assault and Bart’s history of criminal and delinquent conduct. Such details involved Bart’s activity prior to his transfer to RHS, including five instances of inappropriate touching of female students, pulling a female student’s shirt down, and a 2007 sexual-battery charge involving a twelve-year-old girl. This arrest resulted in a no-contact order and *619 Bart’s mandatory transfer to another school.[2]
¶ 5. In August 2011, RCSD moved for summary judgment, asserting discretionary-function immunity. In Doe’s opposition to the summary-judgment motion, Doe argued that RCSD’s actions (or failure to act) were ministerial and the RCSD had failed to exercise ordinary care. Reviewing its argument in accord with the two-part, public-function test set forth in Mississippi Transportation Commission v. Montgomery, 80 So.3d 789 (Miss.2012), the trial court granted RCSD’s motion for summary judgment.
¶ 6. Doe appealed, raising two issues: (1) whether the trial court erred in granting summary judgment premised on discretionary immunity, and (2) whether the trial court abuséd its discretion in denying the motion for reconsideration. The COA determined that RCSD was immune from liability under the public-function tests, but RCSD had waived its immunity through active participation in the litigation and its failure to timely raise the defense. The COA reversed the trial court’s ruling and remanded the case for further proceedings. On this judgment, RCSD filed its petition for writ of certiora-ri.
¶ 7. After granting RCSD’s petition for certiorari, this Court asked the parties for supplemental briefing regarding the recent opinion in Brantley v. City of Horn Lake, 152 So.3d 1106 (Miss.2014). Because Brantley greatly changed the manner in which this Court analyzes discretionary-function immunity, the parties were asked to consider how Brantley’s new test directly relates to RCSD’s duties, as presented by Doe.
¶ 8. Having considered the matter, we find RCSD did not waive immunity in this instance. And we find this case must be remanded 'to the trial court for the parties to present evidence and arguments in light of the. new test under Brantley.
STANDARD OF REVIEW
¶9. This Court reviews a trial court’s application of the MTCA as well as a trial court’s ruling on a motion for summary judgment de novo. City of Jackson v. Doe, 68 So.3d 1285, 1287 (Miss.2011). Summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories and admissions on .file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that.the moving party is entitled to. a judgment as a matter of law.” M.R.C.P. 56(c).
DISCUSSION
¶ 10. As the COA explained, governmental entities generally are afforded immunity from suit under the MTCA. Doe, — So.3d at -, 2014 WL 5448946, *2 (citing Kilhullen v. Kan. City S. Ry., 8 So.3d 168, 174 (Miss.2009)). But, if a governmental entity" or employee commits a tortious act while acting within the scope ¿nd course of its or his employment or duties, immunity is waived: Id (citing Miss.Code Ann. § 11-46-5 - (Rev.2012)). Mississippi Code Section 11-46-9(1) provides a number of exceptions to this waiver, and subpart (d) of this section states that a governmental entity will be immune from liability for claims “based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee théreof, whether or not *620 the discretion is abused[.]” Id. (quoting Section ll-46-9(l)(d)).
¶ 11. Traditionally, this Court has analyzed the applicability of Section 11-46-9(l)(d) by applying a two-pronged, public-policy function test, which required a determination of “whether the activity in question involved an element of choice or judgment, and if so, ... whether that choice or judgment involved social, economic, or political-policy considerations.” See Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (Miss.2012) (citing Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (Miss.1999)). Brantley, in furtherance of this Court’s decision in Little v. Mississippi Department of Transportation, 129 So.3d 132, 138 (Miss.2013), expressly abolished this test, holding’that Section ll-46-9(l)(d) applies to governmental functions, rather than acts, and it does not limit immunity to decisions involving policy considerations. Brantley, 152 So.3d at 1112.
¶ 12. Under the new test announced in Brantley, our courts must first determine whether the overarching governmental function at issue is discretionary or ministerial. Brantley, 152 So.3d at 1114. “The Court then must examine any narrower duty associated with the activity at issue to determine whether a statute, regulation, or other binding directive renders that particular duty a ministerial one, notwithstanding that it may have been performed within the .scope of a broader discretionary function.” Id. at 1115. To defeat a claim of discretionary-function immunity, a plaintiff must prove that an act done in furtherance of a broad discretionary function “also furthered a more narrow function or duty which is made ministerial by another specific statute, ordinance, or regulation promulgated pursuant to lawful authority.” Id.
¶ 13. Because the Court’s rules for determining discretionary-function immunity have changed greatly during the pendency of this litigation, the interest of justice demands this case be remanded for the parties to present evidence and arguments in light of the new test set forth in Brant-ley.
¶ 14. To this end, we find that RCSD did not waive its immunity defense. This case necessitated- thorough discovery of a sensitive nature, which it took reasonable time to conduct. Unlike MS Credit Center v. Horton, 926 So.2d 167, 181 (Miss.2006), which involved waiver of a defendant’s right to compel arbitration and did not require discovery for determining so, discovery here is necessary for determining whether RCSD enjoys the right to discretionary-function immunity. The case before us also is distinguishable from Estate of Grimes ex rel. Grimes v. Warrington, 982 So.2d 365 (Miss.2008). There, the defendant waited five years before asserting a defense of immunity under the MTCA. Id. at 369. The defendant offered no explanation as to why he did not move the trial court for summary judgment until five years after the plaintiffs filing of the complaint. Id. This Court found that all the protracted litigation that took place during this period of time was unnecessary and an excessive waste of time. Id. We do not find that to be the case here. ■
¶ 15. Accordingly, we‘find that RCSD did not waive its immunity defense and may reassert the defense on remand, and the trial court may consider this defense after reviewing the case under the new test prescribed by Brantley.
CONCLUSION
¶ 16. We reverse the judgments of the Court of Appeals and the Rankin County Circuit Court and remand the case to the *621 Rankin County Circuit Court for further proceedings consistent1 with this opinion.
¶ 17. REVERSED AND REMANDED.
WALLER, C.J., CHANDLER AND COLEMÁN, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH,, P.J.; WALLER, C.J., JOINS IN PART. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND KING, JJ.

. Since the alleged perpetrator is a minor, we use the pseudonym Bart in place of his actual name.

. The assault on the twelve-year-old occurred in her home. Bart was required to transfer to another school to be away from the child, which is why he began to attend RHS.