# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00379-COA

ABIGAIL K. MURPHY                                                    APPELLANT

v.

WILLIAM CAREY UNIVERSITY, DEAN JAMES                          APPELLEES
M. TURNER AND DR. RICHARD MARGAITIS

DATE OF JUDGMENT:              04/13/2022
TRIAL JUDGE:                   HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:     FORREST COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       BRADLEY S. CLANTON
                               MEGAN MARIAH PATRICK
ATTORNEYS FOR APPELLEES:       ANDERSON REID BROWN
                               HEBER S. SIMMONS III
                               JESSICA LEIGH DILMORE
NATURE OF THE CASE:            CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                   REVERSED AND REMANDED - 03/26/2024
MOTION FOR REHEARING FILED:

     **EN BANC.**

     **WILSON, P.J., FOR THE COURT:**

¶1.    "A defendant's failure to timely and reasonably raise and pursue the enforcement of

any affirmative defense or other affirmative matter or right which would serve to terminate

or stay the litigation, coupled with active participation in the litigation process, will ordinarily

serve as a waiver." *MS Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (¶44) (Miss. 2006).

In this appeal, the second appeal in this case,[1] we hold that the defendants waived the

affirmative defenses of lack of pre-suit notice and the statute of limitations by failing to

---

[1] *See Murphy v. William Carey Univ.*, 314 So. 3d 112 (Miss. Ct. App. 2020), *cert. denied*, 314 So. 3d 1161 (Miss. 2021).

pursue those defenses for years while actively participating in litigation. Therefore, we reverse the grant of summary judgment in favor of the defendants and remand the case for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. In April 2013, Abigail Murphy, a student in the College of Osteopathic Medicine at William Carey University (WCU), participated in a "practical skills assessment" under the direction of Dr. Richard Margaitis, a WCU professor. Margaitis directed Murphy and other WCU students to pair up and perform a "sacral spring test" on a partner's lower back. After Murphy's partner failed to perform the test, Margaitis stepped in to demonstrate the test on Murphy's lower back. Murphy alleges that Margaitis injured her lower back during the demonstration.[2]

¶3. In July 2015, Murphy sued Margaitis, the dean of the College of Osteopathic Medicine, and WCU,[3] asserting claims for negligence, negligent hiring and supervision, and breach of contract. WCU answered, asserting—as its first two affirmative defenses—that Murphy's claims were barred by Mississippi Code Annotated section 15-1-36 (Rev. 2019), which establishes a two-year statute of limitations for medical malpractice claims and requires pre-suit notice of such claims, and Mississippi Code Annotated section 11-1-58 (Rev. 2019), which, subject to certain exceptions, requires the plaintiff's attorney in a

---

[2] Our prior opinion includes a more detailed account of the underlying facts and litigation prior to the first appeal in this case. *See Murphy*, 314 So. 3d at 115-17 (¶¶2-10). The record from the appeal is included in the record in this appeal pursuant to Mississippi Code Annotated section 11-51-65 (Rev. 2019).

[3] Unless otherwise noted, we refer to the defendants collectively as "WCU."

2

medical malpractice case to execute a "certificate of consultation" with an expert.

¶4. In March 2017, following depositions and other fact and expert discovery, WCU filed its first motion for summary judgment, arguing that Murphy's breach of contract claim failed as a matter of law, that there was no evidence of negligent hiring or supervision, and that Murphy failed "to establish a prima facie case of medical negligence" because none of her experts were "able to testify to a reasonable degree of medical probability that [her] injury was caused by any negligent actions of [the defendants]." WCU did *not* seek summary judgment based on the lack of pre-suit notice or the statute of limitations.

¶5. In December 2017, WCU filed a supplemental motion for summary judgment, arguing that Murphy's claims were barred by the statute of limitations under section 15-1-36. In response, Murphy argued that WCU had waived the defense by failing to pursue it earlier in the litigation.

¶6. In July 2018, the circuit court granted summary judgment in favor of WCU, holding that Murphy's breach of contract claim failed as a matter of law, that there was no proof of negligent hiring or supervision, and that there was no proof of proximate causation. In addition, without specifically discussing the statute of limitations or Murphy's waiver argument, the court "denied" WCU's supplemental motion for summary judgment. Murphy filed a notice of appeal.

¶7. On appeal, this Court affirmed the grant of summary judgment on Murphy's claims for breach of contract and negligent hiring and supervision, but we reversed the grant of summary judgment on her medical malpractice claim, holding that there was a genuine issue

3

of fact on the issue of proximate causation. *Murphy*, 314 So. 3d at 118-25 (¶¶15-38). In our discussion of causation, we agreed with WCU that Murphy's claim based on Margaitis's alleged negligence was a medical malpractice claim, not an "ordinary negligence" claim. *Id.* at 118-19 (¶¶15-18). WCU filed a petition for a writ of certiorari, which the Mississippi Supreme Court denied. The mandate remanding the case to the circuit court issued in April 2021. WCU did not raise the statute of limitations as an alternative ground for affirmance at any point in the first appeal.

¶8. In May 2021, WCU again moved for summary judgment, arguing that Murphy's claims were barred under section 15-1-36 because she waited more than two years to file suit and because she failed to serve notice of her claims prior to filing suit. In response, Murphy argued (1) that the circuit court had rejected WCU's arguments when it previously denied WCU's supplemental motion for summary judgment, (2) that WCU waived its defenses under section 15-1-36 by failing to pursue them sooner, and (3) that section 15-1-36 did not apply because her claim was an ordinary negligence claim, not a medical malpractice claim.

¶9. The circuit court granted WCU's motion for summary judgment, holding that Murphy's claims were barred because she failed to serve pre-suit notice and filed suit after the statute of limitations period had expired. The court did not directly address Murphy's waiver argument. Murphy filed a notice of appeal.

¶10. On appeal, Murphy argues that WCU waived its defenses under section 15-1-36 by failing to pursue them promptly. She also argues that the circuit court's denial of WCU's supplemental motion for summary judgment, which this Court noted in the first appeal,

4

established the "law of the case."

## ANALYSIS

¶11. We review a grant of summary judgment de novo. *Babin v. Wendelta Inc.*, 368 So. 3d 363, 369 (¶20) (Miss. Ct. App. 2023). A trial court's determination that a party did or did not "waive[] . . . an affirmative defense is subject to an abuse-of-discretion standard of review." *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 306 (¶13) (Miss. 2011).

¶12. Mississippi Supreme Court precedent establishes a "general rule that affirmative defenses," including the statute of limitations, "must be *both* pled and timely pursued." *Pruitt ex rel. Brooks v. Sargent*, 349 So. 3d 729, 733 (¶10) (Miss. 2022). Our Supreme Court has held that "[a] defendant's failure to timely and reasonably *raise and pursue* the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *Horton*, 926 So. 2d at 180 (¶44) (emphasis added).[4]

¶13. Under Mississippi Code Annotated section 15-1-36(2), the statute of limitations for medical malpractice claims is two years. In addition, under section 15-1-36(15), a plaintiff in a medical malpractice action must give a defendant notice of her intention to file suit at

---

[4] Some justices have argued that the *Horton* waiver doctrine should be limited to motions to compel arbitration, reasoning that the Mississippi Rules of Civil Procedure do not require a defendant to file a summary judgment motion, and, therefore, a properly pled statute of limitations defense or other affirmative defense cannot be waived by the failure to pursue it prior to trial. *See Pruitt*, 349 So. 3d at 733-34 (¶¶14-15) (Coleman, J., concurring in part and in result); *Woodard v. Miller*, 326 So. 3d 439, 457-59 (¶¶79-86) (Miss. 2021) (Griffis, J., concurring in part and dissenting in part). This Court is, of course, bound to follow Mississippi Supreme Court precedent.

least sixty days prior to filing a complaint.[5]  Ordinarily, a failure to serve pre-suit notice results in a dismissal without prejudice; however, where the suit cannot be re-filed because the statute of limitations period has expired, the case should be dismissed with prejudice. *See Arceo*, 19 So. 3d at 75-76 (¶¶42, 48).  In this case, the evidence shows that Murphy filed suit two years and three months after her claim accrued.

¶14.    WCU pled section 15-1-36 as the first affirmative defense in its answer, which it filed in August 2015.  However, WCU did not promptly pursue the enforcement of its defenses under the statute.  Rather, WCU first raised the statute of limitations in a supplemental

_____

[5] In a 2007 decision, the Mississippi Supreme Court held that this pre-suit notice requirement was "jurisdictional." *Saul v. Jenkins*, 963 So. 2d 552, 554 (¶6) (Miss. 2007). However, in *Stuart v. University of Mississippi Medical Center*, 21 So. 3d 544 (Miss. 2009), the Supreme Court overruled prior precedent and held that the pre-suit "notice requirements in the [Mississippi Tort Claims Act (MTCA)] are *not* jurisdictional" and are, "therefore, waivable." *Id.* at 550 (¶11) (emphasis added).  In another case decided the same day as *Stuart*, the Supreme Court reaffirmed prior precedent holding that the "same standards of construction and application" apply to the pre-suit notice requirements of both the MTCA and section 15-1-36.  *Arceo v. Tolliver*, 19 So. 3d 67, 71-72 (¶16) (Miss. 2009); *accord Greenwood Leflore Hosp. v. Watson*, 324 So. 3d 766, 768 (¶6) (Miss. 2021).  We read *Stuart*, *Arceo*, and their progeny as overruling *Saul* to the extent *Saul* held that section 15-1-36(15) was "jurisdictional."  The dissent argues that the pre-suit notice requirement is jurisdictional because the Supreme Court has referred to pre-suit notice as "mandatory." *Post* at ¶¶34-35.  The dissent's argument conflates two terms with different meanings.  A requirement is *not jurisdictional* simply because it is "mandatory." *E.g.*, *Univ. of Miss. Med. Ctr. v. Aycock*, 369 So. 3d 534, 540 (¶23) (Miss. 2023) ("[W]hile the [pre-suit] notice requirements of [the MTCA] are mandatory, *they are not jurisdictional.*" (emphasis added)); *V.L. v. E.L.*, 577 U.S. 404, 409 (2016) ("[A statute] does not become jurisdictional just because it is 'mandatory' and 'must be strictly construed.'  This Court has long rejected the notion that all mandatory prescriptions, however emphatic, are properly typed jurisdictional." (citation and other quotation marks omitted)).  A "mandatory requirement" *must* be enforced if it is timely asserted, "but it is also subject to waiver." *Aycock*, 369 So. 3d at 541 (¶24).  On the other hand, a "jurisdictional" requirement is not subject to waiver because it implicates the power and authority of a court to decide a case. *See id.* at 540 (¶20).  Murphy's failure to serve pre-suit notice did not deprive the circuit court of jurisdiction to decide the case.

motion for summary judgment filed in December 2017—well over two years after the complaint and answer were filed and nine months after the deadline for filing summary judgment motions. In the interim, WCU actively participated in the litigation. The parties agreed to a scheduling order, both sides propounded and responded to interrogatories and document requests, both Murphy and Margaitis were deposed, both sides designated expert witnesses, and both sides filed and responded to discovery motions.

¶15. We also note that WCU failed to raise the statute of limitations as an alternative ground for affirmance in the first appeal in this case. When we review an order granting summary judgment, "[o]ur review is not limited to the specific grounds on which the circuit court granted summary judgment. Rather, we review the record de novo and may consider any grounds that the moving party raised in the circuit court." *Keckley v. Estes Equip. Co.*, 276 So. 3d 1230, 1235 (¶14) (Miss. Ct. App. 2018), *cert. denied*, 276 So. 3d 658 (Miss. 2019); *accord, e.g.*, *White v. Targa Downstream LLC*, 358 So. 3d 627, 635 (¶20) (Miss. 2023). Thus, WCU could have raised the statute of limitations as an alternative ground for affirmance in the prior appeal, but WCU failed to do so. Instead, WCU waited until the case had been remanded and then filed a new motion for summary judgment in May 2021, nearly six years into the litigation.

¶16. Our Supreme Court has held that "absent extreme and unusual circumstances," "an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law." *Horton*, 926 So. 2d at 181 (¶45). The Supreme Court and this Court have consistently adhered to this general

7

rule of thumb. *E.g.*, *Woodard*, 326 So. 3d at 449-51 (¶¶40-46) (holding that a defendant waived his affirmative defense of release by "waiting more than two and a half years to pursue" it); *Hanco Corp. v. Goldman*, 178 So. 3d 709, 714 (¶¶15-16) (Miss. 2015) (holding that a defendant waived its defense based on the exclusive-remedy provision of the Workers' Compensation Act by waiting "to file its motion for summary judgment until more than twenty-six months after it had raised the [defense] in its answer"); *E. Miss. State Hosp. v. Adams*, 947 So. 2d 887, 890-91 (¶¶10-11) (Miss. 2007) (holding that a defendant waived its defenses based on insufficiency of process and service by failing to pursue them for two years while actively participating in the litigation); *Cook v. Taylor*, 324 So. 3d 333, 338 (¶24) (Miss. Ct. App. 2021) (holding that defendant waived his immunity defense by actively participating in litigation for fourteen months before moving for summary judgment), *cert. denied*, 322 So. 3d 1292 (Miss. 2021).

¶17.     In the present case, WCU's delay in pursuing its potentially dispositive affirmative defense far exceeds *Horton*'s eight-month rule of thumb. WCU actively participated in the litigation for more than two years before WCU first pursued its statute of limitations defense in its supplemental motion for summary judgment. Thereafter, WCU completely failed to raise the defense in the first appeal. By the time WCU raised the defense in a successive summary judgment motion, the case had been pending for nearly six years. Such a lengthy delay amounts to a waiver absent some reasonable justification—for example, a need for discovery to establish the defense—or some other "extreme and unusual circumstances." *Horton*, 926 So. 2d at 181 (¶45); *see Hinton v. Sportsman's Guide Inc.*, 285 So. 3d 142, 150-51 (¶¶20-21) (Miss. 2019) (holding that a defendant's "delay" in pursuing an affirmative

8

defense under the Mississippi Products Liability Act "was not unreasonable because determining [whether the defense applied] required discovery"); *Doe v. Rankin Cnty. Sch. Dist.*, 189 So. 3d 616, 620 (¶14) (Miss. 2015) (holding that a defendant did not waive an immunity defense under the Mississippi Tort Claims Act because the defense "necessitated thorough discovery of a sensitive nature, which it took reasonable time to conduct").

¶18.    WCU argues that it waited to pursue the defense in order to conduct discovery, which it contends was necessary to establish that Murphy's claim was a medical malpractice claim subject to section 15-1-36 and not just an "ordinary negligence" claim.  In WCU's words, "[i]t was not clear from the outset of the litigation whether the medical malpractice or general negligence statute of limitations applied."  In support of its argument, WCU relies on *Pollan v. Wartak*, 240 So. 3d 1185 (Miss. 2017), which held that a trial court did not abuse its discretion by finding the defendants had not waived their statute of limitations defense because the defendants needed to conduct discovery to develop that defense.  *Id.* at 1191-92 (¶15).  However, in *Pollan*, which was also a medical malpractice case, the defendants needed to conduct discovery to establish the date on which the statute of limitations began to run.  *See id.* at 1191-95 (¶¶15-25).  The defendants bore the burden of showing when the patient, exercising reasonable diligence, knew or should have known of her injury and the medical negligence that caused it.  *See id.* at 1192 (¶17).  The Supreme Court held that the defendants did not waive this defense by engaging in discovery because they "bore the burden of proving that the statute of limitations for [the plaintiff's] claims had expired, and they relied directly on evidence obtained in discovery to support their argument."  *Id.* at

9

1191-92 (¶15).[6]

¶19.    But here, unlike in *Pollan*, no discovery was needed to determine when Murphy's claim accrued or to establish any other material fact.  Murphy's complaint specifically alleged that Margaitis negligently injured her while demonstrating the sacral spring test during a classroom exercise.[7]  The setting, context, and nature of the acts allegedly giving rise to Murphy's claim have never been in dispute.  It is true that the parties disagree about whether Murphy's claim is a medical malpractice claim subject to the provisions of section 15-1-36.  But that disagreement presents a *question of law*, not a factual dispute requiring extensive discovery.  *See, e.g.*, *Bhana v. Patel*, 376 So. 3d 355, 358 (¶10) (Miss. 2023) ("The . . . interpretation and application of the statute of limitations is a question of law . . . .").  Therefore, WCU's alleged need for discovery is not a reasonable justification for its failure to timely pursue enforcement of its defenses under section 15-1-36.  *Horton*, 926 So. 2d at 180 (¶44).

¶20.    WCU also seems to suggest that this Court's determination in the first appeal "that Murphy's claim sounds in medical malpractice," *Murphy*, 314 So. 3d at 118 (¶15), provided a basis for them to raise defenses under section 15-1-36 on remand.  However, this Court's

---

[6] *See also Univ. of Miss. Med. Ctr. v. Hampton*, 227 So. 3d 1138, 1144 (¶22) (Miss. Ct. App. 2016) ("When the affirmative defense pleaded is statute of limitations, and the claim is one in which a plaintiff can claim the benefit of the discovery rule, and the complaint does not allege facts disclosing the discovery date, it follows that some participation in litigation may be reasonable or necessary to uncover the facts needed to successfully bring the defense to the court's attention for adjudication.").

[7] The complaint also specifically alleged that Margaitis "negligently injured [Murphy], who was under his medical care."

view of the nature of Murphy's claim depended entirely on limited facts that were alleged in the complaint and that were never in dispute.[8] The facts that are relevant and material to WCU's defenses under section 15-1-36 were known and undisputed from the outset of this case. This Court's opinion on that subject—following years of litigation—was not a prerequisite to WCU's enforcement of its affirmative defenses.

¶21. Under *Horton*, a party's failure to timely pursue a potentially dispositive defense "will ordinarily serve as a waiver" only if the delay is "coupled with active participation in the litigation process." *Horton*, 926 So. 2d at 180 (¶44). Here, we have little difficulty concluding that WCU actively participated in the litigation process before it pursued enforcement of its defenses under section 15-1-36. WCU answered the complaint, propounded and responded to interrogatories and document requests, designated experts, litigated discovery disputes, took depositions, and filed a motion for summary judgment before—twenty-nine months after the case began—WCU finally filed a second motion for summary judgment asserting a statute of limitations defense. WCU then failed to raise the statute of limitations as an alternative ground for affirmance in the first appeal. WCU first pursued enforcement of the defense of lack of pre-suit notice only after the case was remanded to the circuit court, nearly six years after the complaint was filed. We conclude that this clear record of "unjustified delay . . . , coupled with active participation in the

---

[8] We did note that "[b]oth Murphy and Dr. Margaitis testified at their depositions that Dr. Margaitis evaluated Murphy for sacroiliac joint pain and rendered treatment to Murphy." *Murphy*, 314 So. 3d at 119 (¶19). Murphy's complaint similarly alleged that "Margaitis attempted certain procedures in an attempt to alleviate [her] pain," and Margaitis's answer admitted that he "provided very limited examination/treatment to [Murphy]."

11

litigation process, constitutes waiver *as a matter of law*." *Horton*, 926 So. 3d at 181 (¶45) (emphasis added). Therefore, the circuit court abused its discretion by ruling that WCU had not waived its defenses under section 15-1-36.

## CONCLUSION

¶22. WCU waived its defenses under section 15-1-36 by failing to pursue them in a timely manner while actively participating in the litigation process. Accordingly, the circuit court erred by granting WCU's motion for summary judgment based on those defenses.[9]

¶23. **REVERSED AND REMANDED.**

**BARNES, C.J., WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. LAWRENCE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD, SMITH AND EMFINGER, JJ.; WILSON, P.J., AND WESTBROOKS, J., JOIN IN PART. GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON, P.J.**

**LAWRENCE, J., SPECIALLY CONCURRING:**

¶24. The Mississippi Rules of Civil Procedure mandate that "[t]hese rules shall be construed, administered, and employed by the court and the parties to secure the **just, speedy, and inexpensive** determination of every action." M.R.C.P. 1 (emphasis added). Rule 8(f) reads that "[a]ll pleadings shall be so construed as to do substantial justice." M.R.C.P. 8(f). Rule 8(c) requires certain affirmative defenses to be included in a responsive pleading such as an answer. The mandatory language of Rule 8(c) has been interpreted as waiving those affirmative defenses not included.

---

[9] Because we conclude that WCU waived its defenses under section 15-1-36, we need not address Murphy's law-of-the-case argument.

12

¶25.    In fact, two controlling lines of caselaw concern the waiver issue presently before this Court.  One line, beginning with *Hutzel*, follows the reasoning that "absent a reasonable explanation, failure to plead an affirmative defense according to Rule 8(c) will result in a waiver of that defense." *Hutzel v. City of Jackson*, 33 So. 3d 1116, 1120 (Miss. 2010).[10]  The other line, relying on the dicta in *Horton*, holds that "a defendant's failure to timely and reasonably raise *and pursue* the enforcement of *any* affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *Miss. Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (¶44) (Miss. 2006) (emphasis added).[11]

---

[10]  *See also Pruitt ex rel. Brooks v. Sargent*, 349 So. 3d 729, 732-33 (¶¶8-11) (Miss. 2022) (holding that a school district waived its statute of limitations defense because it "did not raise the defense in its answer, and it engaged in active discovery for several months prior to actually raising the defense" with "no unusual or extreme circumstances that explain[ed] the [defendant's] failure to assert the affirmative defenses in a timely manner"); *Cook v. Taylor*, 324 So. 3d 333, 338 (¶24) (Miss. 2021) (holding defendant waived his defense of immunity under the Mississippi Tort Claims Act because he did not include it in his answer and continued to participate in the litigation process).

[11]  *See also Woodard v. Miller*, 326 So. 3d 439, 450-51 (¶¶42-46) (Miss. 2021) (holding that a defendant waived an affirmative defense based on a release in a divorce settlement because he "waited more than two and a half years to pursue [this] claim" and "all the conditions for *Horton*'s waiver as a matter of law [were] present"); *Hanco Corp. v. Goldman*, 178 So. 3d 709, 714 (¶16) (Miss. 2015) (holding that a defendant waived an exclusive remedy defense, even though it was asserted in his answer, because he "did not bring it to the court's attention, and request a hearing until it filed its summary judgment motion more than twenty-six months later"); *Est. of Grimes ex rel. Grimes v. Warrington*, 982 So. 2d 365, 369-70 (¶¶21-27) (Miss. 2008) (holding that a doctor waived the affirmative defense of tort immunity under the Mississippi Tort Claims Act (MTCA) because he had "asserted his affirmative defense in his answer" but nevertheless "proceeded substantially to engage the litigation process" and failed to "actively and specifically . . . pursue his MTCA affirmative defense"); *E. Miss. State Hosp. v. Adams*, 947 So. 2d 887, 891 (¶11) (Miss. 2007) (holding that the affirmative defenses of insufficient service of process and insufficient process were waived even though they had previously asserted those defenses

¶26. At present, the line of cases enforcing and interpreting the dicta in *Horton* ("failure to timely and reasonably raise and pursue the enforcement of any affirmative defense") has created unclear and moveable deadlines. Cases turn on defendants' action or lack of action after filing the affirmative defenses in their answer. Without any language in Rule 8 itself, if an affirmative defense is preserved by including it in the answer, it can still be waived for failing to "pursue" it. Our Rules of Civil Procedure do not contain this language. Instead, it derives from dicta in *Horton*.[12] The Rules have never been amended to include language similar to the language set out in *Horton*. Yet, the *Horton* language "pursue" or waive can have a detrimental legal effect on litigants' cases. Lawyers can be exposed to potential malpractice claims only because they did not act in some unclear manner in "pursuing" the enforcement of each affirmative defense that was pled in the answer.

¶27. If every affirmative defense must be "pursued" by some type of motion or action before trial or before discovery to ensure a litigant does not waive that affirmative defense,

---

in their initial answer because the "defendants participated fully in the litigation of the merits for over two years without actively contesting jurisdiction in any way").

[12] In *Woodard*, 326 So. 3d at 451-59 (¶¶49-87) (Griffis, J., concurring in part and dissenting in part), Justice Griffis articulated the problems surrounding the dicta in *Horton*. In his separate opinion, Justice Griffis argued that the language expanding the *Horton* ruling of waiving other affirmative defenses besides arbitration was dicta and should be overruled. *Id.* at 453 (¶58). Further, Justice Griffis maintained other affirmative defenses, such as release, should be and can be ruled on at trial if properly preserved. *Id.* at 455-56 (¶67). "The Mississippi Rules of Civil Procedure simply do not require Johnson to file a motion for summary judgment or pursue a decision on an affirmative defense within any certain time period." *Id.* at 458 (¶83). Justice Griffis ended by stating, "If indeed *Horton* is the law in Mississippi, the Mississippi Rules of Civil Procedure should be amended to reflect when affirmative defenses must be asserted to ensure there is no waiver by a party." *Id.* at 459 (¶86).

14

does this comport with Rule 1's requirement that the rules must be construed to "secure the just, speedy, and inexpensive determination of every action[?]" Litigating each affirmative defense in separate motions at separate hearings before discovery or trial hardly seems to promote the "just, speedy, and inexpensive" determination of that lawsuit or action.

¶28. I do not think the Mississippi Rules of Civil Procedure were meant to bring such confusion. The present interpretation of *Horton*'s "pursue" language has added burdens, pitfalls, and confusion as to when a properly pled affirmative defense can nevertheless still be construed to be waived. If that harsh interpretation of our Rules of Civil Procedure applies despite the "substantial justice" mandate within the Rules, we should at least amend the Rule to clearly say so. The Mississippi Rules of Civil Procedure should be clear and instructive as to the possibility of waiving affirmative defenses despite having preserved them in an answer. Lawyers should be able to read the rules for guidance on this issue and not have to divine the present status of rules forged year after year through gradual litigation.

¶29. Now, without language in the Mississippi Rules of Civil Procedure, a lawyer must not only file but also "pursue" his affirmative defenses, or they are deemed to be waived. I write to express deep concern for lawyers and judges trying to navigate the legal minefield our Rules of Civil Procedure have become through piecemeal legal precedent instead of clear language vetted through the amendment process.

**McDONALD, SMITH AND EMFINGER, JJ., JOIN THIS OPINION. WILSON, P.J., AND WESTBROOKS, J., JOIN THIS OPINION IN PART.**

**GREENLEE, J., DISSENTING:**

¶30. Since the sixty-day pre-filing notice requirement in a medical negligence case is

15

mandatory, which precedent describes as jurisdictional, I must dissent. Additionally, the trial court did not abuse its discretion by not finding that the statute-of-limitations defense was waived by WCU.[13]

¶31. This case was previously before this Court after the trial court granted summary judgment in favor of WCU. *Murphy v. William Carey Univ.*, 314 So. 3d 112 (Miss. Ct. App. 2020). Murphy's complaint alleged negligence, breach of contract, and negligent hiring, training and/or supervision for her injuries sustained after defendant Dr. Richard Margaitis conducted a "sacral spring test" on Murphy. *Id.* at 115 (¶2). Murphy asserted that WCU's acts fell below the standard of reasonable care incumbent on an ordinary person. *Id.* at 118 (¶15). However, this Court found that Murphy's claims sounded in medical negligence. *Id.* This Court affirmed the grant of summary judgment on three of Murphy's claims, but we reversed and remanded the medical negligence claim for further proceedings. *Id.* at 125 (¶42).

## (1) Waiver of Sixty-Day Notice Requirement

¶32. Mississippi Code Annotated section 15-1-36(15) (Rev. 2019) states in part, "No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." The Mississippi Supreme Court in *Saul v. Jenkins*, 963 So. 2d 552, 554 (¶6) (Miss. 2007), held that the notice requirement of section 15-1-36(15) was mandatory and jurisdictional. "[W]e consistently have found that the notice requirement of section 15-1-

---

[13] We follow the majority's decision to refer to the appellees collectively as "WCU."

36(15) is *mandatory and jurisdictional*, and that, consequently, a defendant need not plead or argue it as a defense." *Id.* (emphasis added). That case is still good law to this day and has not been explicitly overruled. Furthermore, since *Saul*, the Mississippi Supreme Court has maintained that the notice requirement should be strictly followed. *See Spann v. Wood*, 269 So. 3d 10, 12 (¶9) (Miss. 2018) ("The Court has held unwaveringly that strict compliance with Section 15-1-36(15) is required, and the failure to satisfy the requirements mandates dismissal without prejudice." (quoting *Fowler v. White*, 85 So. 3d 287, 291 (¶13) (Miss. 2012))).

¶33.    The majority opinion claims that *Saul* was effectively overruled from the holdings of *Stuart v. UMMC*, 21 So. 3d 544 (Miss. 2009), and *Arceo v. Tolliver*, 19 So. 3d 67 (Miss. 2009).    But *Stuart* dealt with Mississippi Code Annotated section 11-46-11 (Rev. 2002), which was a section of the Mississippi Torts Claims Act (MTCA) that required plaintiffs to provide ninety days' notice of a claim to any government-entity defendant.    The Mississippi Supreme Court explicitly overruled precedent that held this MTCA notice requirement was jurisdictional.    *Stuart*, 21 So. 3d at 550 (¶11).    On the same day as *Stuart*, the supreme court issued *Arceo*, which held that the "same standards of construction and application" applied to the MTCA are applied to section 15-1-36(15).    *Arceo*, 19 So. 3d at 71 (¶16).    The majority reads these two opinions together and finds that *Saul* was overruled to the extent that the notice requirement of section 15-1-36(15) is "jurisdictional."

¶34.    While the MTCA and section 15-1-36(15) may share the same "standards of construction and application," the supreme court in *Arceo* firmly held that "the statutory requirement of sixty days' written notice before filing a medical negligence suit is

17

mandatory." *Id.* at (¶13).   Notably, *Saul*'s finding that the notice requirement was jurisdictional has not been explicitly overruled by our supreme court.

¶35.   As the majority states above, "waiver . . . of an affirmative defense is subject to an abuse-of-discretion standard of review." *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 306 (¶13) (Miss. 2001).  Even if the majority is correct that *Saul* was overruled and WCU could waive their notice-requirement defense, I would still find that the trial court was within its discretion in not finding waiver.  A review of the trial court's order granting summary judgment shows the court relied on the mandatory nature of this notice requirement.

¶36.   In consideration of the statute, and since no case has explicitly overruled *Saul* and stated that the notice requirement of section 15-1-36(15) can be waived, I would find that the trial court did not abuse its discretion by granting summary judgment in favor of WCU for Murphy's failure to provide the necessary sixty days' written notice.[14]

### (2)    Waiver of Statute-of-Limitations Defense

¶37.   The majority holds that the trial court abused its discretion by failing to find that WCU waived its statute-of-limitations defense.  "The waiver . . . of an affirmative defense is subject to an abuse-of-discretion standard of review." *Est. of Puckett v. Clement*, 238 So. 3d 1139, 1144 (¶9) (Miss. 2018) (quoting *Kinsey*, 78 So. 3d at 306 (¶13)).  Generally, "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily

---

[14]   We note that the trial court requested further briefing on the notice requirement after we remanded in Murphy's previous appeal.

18

serve as a waiver." *Horton*, 926 So. 2d at 180 (¶44). The *Horton* court also stated, "We decline today to set a minimum number of days which will constitute unreasonable delay in every case, but rather we defer such findings for the trial court on a case by case basis." *Id.* at 181 (¶45). The supreme court went further, finding that "absent extreme and unusual circumstances" an eight-month unjustified delay constitutes waiver as a matter of law. *Id.*

¶38. First, it is important to address whether WCU's delay is two-and-a-half years or six years. WCU first raised its affirmative defenses of the statute of limitations and notice in its August 13, 2015 answer to Murphy's complaint. Then, on December 6, 2017, WCU further pursued the statute-of-limitations defense by filing a supplemental motion for summary judgment. Any delay considered in WCU's pursuit of the statute-of-limitations defense should be limited to its filing of the supplemental motion for summary judgment on December 6, 2017—under two years and four months after filing its answer and affirmative defenses on August 13, 2015.[15] The trial court denied WCU's supplemental motion in its order granting summary judgment on the first motion, after granting summary judgment on other grounds, without any discussion or analysis. We remanded the case so issues related to medical negligence could be addressed.

¶39. We must determine if the delay is so unreasonable to find that the trial court abused its discretion in not finding waiver. WCU claims that discovery was necessary to develop its statute of limitations defense, citing *Pollan v. Wartak*, 240 So. 3d 1185, 1191-92 (¶15) (Miss. 2017). The supreme court in *Pollan* determined that the defendant did not waive its

---

[15] WCU's answer listed the statute of limitations and notice requirement in its affirmative defenses.

statute-of-limitations defense after more than two years after pleading it because discovery was required to determine when the plaintiff's claim expired. *Id.* (*see also Empire Abrasive Equip. Corp. v. Morgan*, 87 So. 3d 455, 461 (¶18) (Miss. 2012)).

¶40.    While *Pollan* is a concrete example of a justifiable delay, it is not the only example of one. In *Hinton v. Sportsman's Guide Inc.*, 285 So. 3d 142, 150-51 (¶¶19-20) (Miss. 2019), the supreme court held that a three-and-a-half-year delay in pursuing an innocent-seller affirmative defense was not an unreasonable delay. The supreme court explained that the plaintiff's multiple amended complaints added to the delay and the defendant's claim of innocent-seller immunity required discovery. *Id.* Similarly, the supreme court in *Doe v. Rankin County School District*, 189 So. 3d 616, 620 (¶14) (Miss. 2015), found a defendant did not waive its immunity defense because "[the] case necessitated thorough discovery of a sensitive nature, which it took reasonable time to conduct."

¶41.    Turning to the instant case, the trial court did not abuse its discretion by failing to find waiver. Murphy's complaint alleged four theories of negligence. WCU moved for supplemental summary judgment after discovery confirmed that some claims sounded in medical negligence. This is distinguishable from *Horton*, where the nature of the defense was clear from the onset of the case, and the defendants "provided no plausible explanation for th[e] delay." *Horton*, 926 So. 2d at 180 (¶43); *see also Hutzel v. City of Jackson*, 33 So. 3d 1116, 1121 (¶19) (Miss. 2010) ("The only argument presented by the City is that the affirmative defenses did not become apparent until well into discovery; however, this contention is not persuasive, as the City actually drafted the quitclaim deed, the foundation of its affirmative defenses, and had received it from Hutzel well before the commencement

20

of this action.").

¶42. Murphy filed a complaint alleging and pursuing simple negligence. Murphy had filed the complaint after the statute of limitations for medical negligence had run and without providing the required sixty-day notice before filing. The majority would reverse the trial court's judgment, finding an abuse of discretion by the trial court for not finding that the delay in filing its December 6, 2017 supplemental motion for summary judgment was a waiver, even after the parties conducted discovery. The trial court was correct in finding that the case should be dismissed for lack of notice and was within its discretion in not finding that WCU waived its statute of limitations defense and in using the failure to provide the required notice. For these reasons, I respectfully dissent.

**CARLTON, P.J., JOINS THIS OPINION.**